## No. 544.

## MANNING v. THE STATE.

CRIMINAL LAW.—*Trespass.*—*Lawful Entry.*—*Notice to Depart.*—*Refusal to Depart.*—*When to Remain is Unlawful.*—Where a person is lawfully on the premises of another, and he is notified by the owner, his agent or servant, to depart, and he fails or refuses to do so, he then becomes unlawfully there from the time when first notified to depart, and if, after he becomes unlawfully on the premises, he is again notified to depart, and he fails or refuses to do so, he is guilty of trespass.

SAME.—*Trespass.*—*What Constitutes.*—To constitute one a trespasser, he must have unlawfully entered upon the land of another, after having been forbidden to do so, or, being unlawfully upon the land of another, and being notified to depart, he refuses to do so.

From the Marion Criminal Court.

*J. W. Kern, L. O. Bailey* and *W. E. Niblack,* for appellant.

ROSS, J.—The judgment appealed from in this case was rendered in a criminal prosecution commenced before a justice of the peace, under section 1941, R. S. 1881. The defendant was found guilty and fined, and thereupon appealed to the Marion Criminal Court, in which court he was again convicted, and judgment rendered accordingly.

The only question presented is as to whether or not the court erred in giving to the jury the following instruction, viz. :

"The charge in this case is merely that the defendant was unlawfully upon the premises of Emma V. Brown, and neglected or refused to depart therefrom upon being notified to do so. It must, therefore, be made to appear to your satisfaction beyond a reasonable doubt, that defendant was both unlawfully upon such premises and refused to leave when notified to do so. If the defendant was upon the premises in pursuance of an invitation from Mrs. Brown, or any other person having lawful authority,

then his presence was not unlawful in the first place, but, although the defendant might in the first place have been lawfully upon such premises, yet, if he was notified to leave, and unreasonably failed or refused to leave, his presence on such premises would then become unlawful, and his continued failure to depart, after being bidden to do so, would constitute him a trespasser."

It is the latter part of the instruction to which objection is made, counsel insisting that if the appellant was lawfully upon Mrs. Brown's property the mere fact that she notified him to leave, and he failed or refused to depart, would not make him a trespasser.

The evidence is undisputed that the appellant entered upon Mrs. Brown's premises at her request, and, within a short time thereafter, he and Mrs. Brown had an altercation, and she told him to leave the premises, and that, although repeatedly told to depart, he failed to do so for some minutes.

Section 1941, *supra*, is as follows: "Whoever, being about to enter unlawfully upon the inclosed or uninclosed land of another, shall be forbidden so to do by the owner or occupant, or his agent or servant; or who, being unlawfully upon the inclosed or uninclosed land of another, shall be notified to depart therefrom by the owner or occupant, or his agent or servant, and shall thereafter enter upon such land, or neglect or refuse to depart therefrom, shall be guilty of a misdemeanor, and, upon conviction thereof, shall be fined not less than five nor more than fifty dollars."

It can not be contended that the appellant unlawfully entered upon Mrs. Brown's premises, hence we are compelled to inquire whether having been lawfully on the premises in the first instance, he afterwards became unlawfully there either by any act of his own or the act of Mrs. Brown.

Trespass, in the ordinary sense of a wrong to land, is

an unlawful entry by a person upon the land of another. But the section of our statute above set out defines it to be either an unlawful entry, having been previously forbidden to enter, or being unlawfully upon the land is notified to depart therefrom, but refuses or neglects so to do. There can be no trespass under this section, except the party enter unlawfully, after having been forbidden, or being there unlawfully, neglects or refuses to depart after being notified so to do. In the former it is not trespass for a person simply to enter upon the land of another unlawfully, but he must have been forbidden the right and then afterwards entered unlawfully; in the latter it is not trespass merely to be upon the land of another unlawfully, but being there unlawfully, and neglecting or refusing to depart when notified to do so, constitutes trespass.

The instruction under consideration does not apply to the former, and the question is, can it apply to the latter? The court did not instruct the jury that if the defendant was *unlawfully* upon the premises of Mrs. Brown, and he failed or refused to depart when notified to do so, he was guilty of trespass, but the court does instruct the jury that " although the defendant might in the first place have been lawfully upon such premises, yet, if he was notified to leave, and unreasonably failed or refused to leave, his presence on such premises would then become unlawful, and his continued failure to depart after being bidden to do so would constitute him a trespasser." Counsel contend that the appellant was convicted under this instruction, upon the theory that his refusal or neglect " to promptly depart when notified to do so, had constituted him a trespasser from the beginning."

We can not concur in that construction of the instruction. The theory of the trial court was that the defendant may have entered upon Mrs. Brown's premises lawfully, but that although rightfully there in the first instance, yet he might become unlawfully there if he refused to depart

within a reasonable time after he was notified to do so. Counsel seem to think that if the appellant was not a trespasser *ab initio*, he could not afterwards become such. It was not necessary, in order that the appellant be guilty of trespass, that he unlawfully entered upon the premises, or that when he first entered he was there unlawfully, but if being there lawfully he was notified by the owner, his agent or servant, to depart, and he failed or refused to do so, he then became unlawfully there from the time when first notified to depart, and if, after he becomes unlawfully on the premises, he was again notified to depart, and failed or refused to do so, he was guilty of trespass.

There was no error in giving this instruction.

Judgment affirmed.

Filed February 17, 1893.