HUFFMAN *v.* THE STATE.

[No. 2,657.   Filed January 25, 1899.]

APPEAL.—*Criminal Law.*—That the verdict is not sustained by the evidence is not a cause for a new trial in a criminal case.  *p. 451.*

TRESPASS.—*Highway.*—*Easement of Abutting Owner.*—The owner of lands abutting on a public highway has such a proprietary right to the center of the highway that the refusal of one unlawfully upon such part of the highway to depart upon notice renders him liable to prosecution for criminal trespass.  *pp. 453-455.*

HIGHWAYS.—*Pipe Line for Carrying Natural Gas.*—The construction of a pipe line along a public highway, for the purpose of carrying natural gas, is an imposition of an additional burden upon the fee from that embraced in the easement for highway purposes, for which compensation must be made to the owner. *p. 454.*

TRESPASS.—*Unlawfully Upon Public Highway.—Constructing Pipe Line.*—Where one enters upon a public highway, and without a grant from the county commissioners, or permission of the owner of the fee, constructs upon and along such highway a pipe line for carrying natural gas, such person becomes a trespasser. *pp. 453,454.*

SAME.—*Taking Up Pipe Line Unlawfully Constructed on Public Highway.*—Where a pipe line was constructed along and upon a public highway without a grant from the county commissioners, and without the permission or knowledge of the owner of the fee, it is unlawful for one to go upon such highway and remove the pipe line without the consent of the owner of the fee. *p. 454.*

SAME.—*Highways.—Unlawful Construction of Pipe Line.—Estoppel.* —Where a pipe line was unlawfully constructed along and upon a public highway without the knowledge or permission of the owner of the fee, the fact that the owner of the fee, after the construction, made no objection to the line or its maintenance will not estop such owner from asserting the right to prohibit the removal of the pipe line. *pp. 455, 456.*

SAME.—*Highways.—Unlawful Use.*—Where one goes upon a public highway to use it for any purpose not contemplated by law, and not having taken the proper steps to acquire the right to use the highway for the purpose desired, such person is a trespasser within the meaning of section 2018, Burns' R. S. 1894. *pp. 456, 457.*

From the Blackford Circuit Court. *Affirmed.*

*John Cantwell, S. W. Cantwell* and *L. B. Simmons,* for appellant.

*W. L. Taylor,* Attorney-General, *Merrill Moores, J. W. Fesler* and *E. E. Stevenson,* for State

WILEY, J.—Appellant was prosecuted for trespass under the following provision of the statute: "Whoever * * * being unlawfully upon the inclosed or uninclosed land of another, shall be notified to depart therefrom by the owner or occupant, or his agent or servant; and * * * neglect or refuse to depart therefrom,—shall be guilty of a misdemeanor, and, upon

conviction thereof, shall be fined not less than five nor more than fifty dollars." Section 2018, Burns' R. S. 1894 (1941, Horner's R. S. 1897). While, in the court below, a motion to quash the affidavit (the prosecution having originated before a justice of the peace) was made and overruled, and such ruling is challenged by an assignment of errors, there is no necessity of referring to the affidavit further, for the reason that the question of its sufficiency is waived by a failure to discuss it. On a plea of not guilty, the cause was tried by a jury, resulting in a verdict of guilty and a judgment of conviction. Appellant's motion for a new trial was based upon three reasons: (1) The verdict was contrary to law; (2) the verdict was contrary to the evidence; (3) the verdict was not sustained by the evidence. This motion the court overruled, and such ruling is assigned as error and presents the only question for decision.

Under the statute defining the causes for which a new trial may be granted in criminal cases, the third reason assigned in the motion in this case does not come within the statute, and hence does not present any question for review. The first and second reasons, however, present the question discussed by counsel, and under them, the court can decide the question of contention.

The lands described in the affidavit upon which the trespass is charged to have been made, were owned by one Samuel Sipe, and occupied by one Andrew Sipe, who was the tenant and in possession. A public highway bounds one side of the lands, and it was in and upon this highway that the trespass, if any, was committed. It is shown by the evidence without contradiction that, some three or four years prior to the date fixed in the affidavit, the Salemonie Mining and Gas Company constructed a two-inch pipe line on the high-

way in front of the land of said Samuel Sipe; that the Ft. Wayne Gas Company, by purchase, succeeded to the rights of the original company, and owned said line at the date of the commencement of this prosecution; that, at the time said two-inch pipe line was put in, Andrew Sipe owned the land in question, and lived upon it; that said line was put in on the side of the highway next to the Sipe land, and near the fence inclosing said land; that the said Ft. Wayne Company was putting in a larger pipe line on the opposite side of the road, had the trench dug, and the pipe placed and strung along ready to put in; that at the date fixed in the indictment, appellant was in the employment of the Ft. Wayne Gas Company, in charge of a force of men who were engaged in taking up the two-inch pipe, and refilling the ditch from which it was removed; that the said Andrew Sipe went to appellant, who was in the highway, but on the side thereof next to the Sipe land, and ordered him off the premises, and told him that he did not want him to trespass upon said lands; that appellant refused to depart therefrom; that said Andrew Sipe also ordered the men engaged in taking up said line to depart; that some of them left the ditch, and appellant ordered them back to work; that, at the time appellant was ordered to depart from said lands he was in the public highway, and remained therein all the time during the conversation between the said Andrew Sipe and himself, and did not at any time go upon the lands described in the affidavit except to remain in the highway and on the side thereof next to said lands. As to whether the said Andrew Sipe knew at the time that the pipe line was being constructed along and upon said highway in front of said lands, and as to whether he consented thereto, there is a sharp contradiction. On the one hand, he testified that he did not

Huffman v. State.

know it was being constructed until after the company had passed beyond said premises, and that he did not consent thereto, nor give his permission so to construct the same; while, on the other hand, other witnesses did testify that he both knew and gave his consent to such construction. It further appears that after the line was constructed, he knew of it, and knew that it was being used, and made no objection thereto. Hence, if it was a material fact that he had or had not knowledge of the construction of the line at the time it was constructed, or that he did or did not give his consent thereto, we must presume that the jury resolved such facts in favor of the State; and, under the rule that this court will not weigh the evidence where there is a conflict, the question is put at rest by the finding of the jury. It is upon these facts that we are to determine whether or not the verdict is contrary to law, or contrary to the evidence.

The controlling question is simply this: Has the owner of lands abutting upon a public highway such a proprietary right in the highway, to the center thereof, as to notify and direct one who is unlawfully upon such part of the highway to depart, and will the refusal and failure of such person to depart, upon such notice, render him liable to prosecution for trespass under the statute? It is the firmly established rule in this State that the owner of lands abutting upon a public highway owns the fee to the center thereof, subject only to the easement which the public has for highway purposes. Cooley on Torts, 318; *People* v. *Foss*, 80 Mich. 559, 564, 45 N. W. 480, 8 L. R. A. 472; *Consumers', etc., Gas Co.* v. *Huntsinger*, 14 Ind. App. 156.

The right of the owner yields only to the greater rights of the public. As we have said, the only right the public has is simply an easement affording a passage over and along the highway. *The Consumers'*

*Gas, etc., Co.* v. *Huntsinger, supra; Haslett* v. *New Albany, etc., R. Co.,* 7 Ind. App. 603, and cases there cited.

It is likewise settled that such abutting owner has a special proprietary right in the highway separate and distinct from that of the general public, and that this right cannot be taken or impaired without compensation. *Haslett* v. *New Albany, etc., R. Co., supra.* It has been held by this court that the easement for road purposes, which grants to the general public the right to pass and repass over a man's land does not carry with it a right to use it for other purposes not legitimately connected with the use of highways. *The Consumers', Gas, etc., Co.* v. *Huntsinger, supra.*

It cannot be said that the construction of a pipe line for carrying natural gas comes within the uses for which public highways were intended. It has been held that a right may be granted by the board of commissioners to construct a pipe line along a public highway; but it is also the law that constructing such pipe lines is an imposition of an additional burden upon the fee from that embraced in the easement for highway purposes, and that compensation must be made to the owner of the fee. *Kincaid* v. *Indianapolis, etc., Gas Co.,* 124 Ind. 577, 8 L. R. A. 602.

It seems to us that when the Salemonie Gas Company entered upon the lands in question without the consent of the owner of the fee, and without permission of the board of county commissioners, it became a trespasser, and was upon such lands unlawfully. If it was unlawful in the first place to go upon the lands to construct the pipe line, without the consent of the owner, it was likewise unlawful to go upon them to remove the same, and hence when appellant was upon the lands of the prosecuting witness, in charge of a force of men engaged in removing such pipe line, he was unlawfully there. While appel-

lant was not himself engaged in the manual removing of the pipe, he was directing and overseeing the work of removal. The evidence shows that appellant was not standing or walking in the traveled way, but was on that side of the road adjacent to the land described, some ten or twelve feet from the center, and part of the time only about two feet from the fence inclosing such lands.

Appellant insists that as the owner and occupant of the land stood by and saw the pipe line being constructed, made no objection thereto, and by his long silence acquiesced therein, he is estopped from asserting the right to notify appellant to leave the premises. If the facts upon which appellant relies to work an estoppel were undisputed, there might be much merit in his position; but there is evidence in the record, as we have seen, from which the jury might, and doubtless did, find that the owner and occupant did not know that said line was being constructed in front of his premises until after it was completed. The appellant urges that the doctrine of estoppel is applicable here in his behalf, on the ground that Sipe stood by, had full knowledge that the pipe line was being constructed, and that he did not, at the time, or thereafter, make any objection, or offer any protest, etc. Counsel for appellant say: "The evidence shows clearly that no objection was ever made by the prosecuting witness at the time of the construction of the pipe line, nor since that time up to the commission of the alleged trespass, either to the construction or maintenance of said line." In this statement counsel are not supported by the evidence, for, as we have seen, there is evidence from which the jury doubtless did conclude that the prosecuting witness did not know that the pipe line was being constructed along his lands. It is true that the evidence does not show that he made any

objection to the work or maintenance of the line after its completion, but this is not enough to create an estoppel by conduct. See *Roberts* v. *Abbott*, 127 Ind. 83; Bigelow on Estoppel (ed. 1886), 552. It is true, as counsel say, that the courts in this State have repeatedly held that where a landowner stands by and permits a pipe line company, or a railroad company to construct a pipe line or railroad across his land, with a full knowledge that it is being done, and makes no objection until the same is constructed, he is estopped from maintaining an action for possession of the land, or a suit in ejectment, and that in such case his only remedy is an action for damages. *Kincaid* v. *Indianapolis, etc., Gas Co.*, *supra; Evansville, etc., R. Co.* v. *Nye*, 113 Ind. 223; *Indiana, etc., R. Co.* v. *Allen*, 113 Ind. 581; *Louisville, etc., R. Co.* v. *Soltweddle*, 116 Ind. 257; *Porter* v. *Midland R. Co.*, 125 Ind. 476; *Indiana, etc., R. Co.* v. *McBroom*, 114 Ind. 198; *Louisville, etc., R. Co.* v. *Beck*, 119 Ind. 124; *Bravard* v. *Cincinnati, etc., R. Co.*, 115 Ind. 1; *Sherlock* v. *Louisville, etc., R. Co.*, 115 Ind. 22; *Strickler* v. *Midland R. Co.*, 125 Ind. 412. With the doctrine established by the cases cited, we are in full accord, but it is not applicable here, for the facts are not sufficient upon which it can rest.

It is further urged by appellant that he was not guilty of the offense charged, because it does not appear that he was unlawfully upon the premises of the prosecuting witness, and, if he was upon the premises lawfully, he could not be there unlawfully, until after notified to depart, and hence, as he was not notified a second time to depart, he did not violate the provisions of the statute under which he was prosecuted. Appellant's reasoning is good, but his premise is unsound, and hence his conclusion not tenable. He as-

sumes that he was not, in the first instance, unlawfully upon the lands of the prosecuting witness, but in this he is in error. As we have seen, he was there without the license or permission of the occupant of the land. He was not using the highway for any of the purposes contemplated by law. He was not even a traveler thereon, within the legal meaning of the term. We have already shown that a public highway is not dedicated to the public, and maintained at public expense, for the purpose of allowing pipe line and other companies to construct and maintain pipe lines in and upon them. Neither a private person nor a corporation has any inherent right so to use a public thoroughfare, and where the proper steps have not been taken to acquire such right, it is a trespass, within the meaning of the statute, so to do. So, when appellant went upon the premises of the prosecuting witness to take up the pipe line, he was there unlawfully; and when he refused to depart, upon being notified to do so, it was a violation of the statute, for which he must answer. The case of *Manning* v. *State*, 6 Ind. App. 259, cited by appellant, is not in point, and has no controlling influence here. In that case the appellant went upon the land of the prosecuting witness upon her invitation. While there he had an altercation with her, and she ordered him to depart. It was held that, as soon as he was ordered to depart, he was there unlawfully; and upon again being notified to depart, and failing to do so, he was guilty of trespass. In the case before us, appellant was unlawfully upon the premises in the first instance, and being notified to depart, and refusing to comply with the notice, he violated the statute.

In his work on Roads and Streets, Judge Elliott, at page 536, says: "As owner of the fee, subject only to the public easement, the abutter has all the ordinary

remedies of the owner of a freehold. He may maintain trespass against one who unlawfully cuts and carries away the grass, trees or herbage, and even against one who stands upon the sidewalk in front of his premises and uses abusive language towards him, refusing to depart. And one who, without lawful authority destroys and reconstructs a highway is a trespasser, although he makes a new way upon his own premises equally safe and convenient. The abutter may also maintain ejectment against a railroad company which has placed its track upon his side of a street without paying or tendering damages therefor, or against an individual who has wrongfully and unlawfully encroached thereon." In support of the foregoing quotation the following authorities are cited: 3 Kents' Com. 432; Angell on Highways, section 319; *Goodtitle* v. *Alker*, 1 Burr, 133; *Adams* v. *Emmerson*, 6 Pick. 57; *Robbins* v. *Borman*, 1 Pick. 122; *Cole* v. *Drew*, 44 Vt. 49; *Chambers* v. *Furry*, 1 Yeates, 167; Cooley on Torts, 318; *Clark* v. *Dasso*, 34 Mich, 86; *Baker* v. *Sheperd*, 24 N. H. 208; *Adams* v. *Rivers*, 11 Barb. 390; *Hunt* v. *Rich*, 38 Me. 195; *Ruggles* v. *Lesure*, 24 Pick. 187 ; *Weathered* v. *Bray*, 7 Ind. 706; *Terre Haute, etc., R. Co.* v. *Rodel*, 89 Ind. 128.

Abutting owners have the exclusive right to the soil, subject only to the easement of the right of passage in the public, and the incidental right of properly fitting the way for use. Elliott Roads and Streets, p. 519, and authorities there cited. Subject only to the public easement, the proprietor has all the usual rights and remedies of the owner of a freehold. As was said by Elliott, J., in *Kincaid* v. *Indianapolis Gas, etc., Co., supra:* "Subject to the right of the public the owner of the fee of a rural road retains all right and interest in it. He remains the owner, and, as such,

his rights are very comprehensive." Citing *Brookville, etc., Co.* v. *Butler*, 91 Ind. 134; *Shelbyville, etc., Co.* v. *Green*, 99 Ind. 205. Again in the same case it was said: "The appropriation of the land, for a rural highway did not entitle the local officers to use it for any other than highway purposes, although they did not acquire a right to use it for all purposes legitimately connected with the local system of highways. A use for any other than a legitimate highway purpose is a taking within the meaning of the Constitution, inasmuch as it imposes an additional burden upon the land, etc. * * * The authorities, although not very numerous, are harmonious upon the proposition that laying gas pipes in a suburban road is the imposition of an additional burden, etc." From the authorities we are unable to reach any conclusion, other than that appellant was unlawfully upon the lands described in the affidavit, and, under the facts shown by the record, was guilty of trespass. Judgment affirmed. Henley, J., took no part in the decision of this case.