ALEX THOMPSON, Respondent, *v.* ORANGE AND ROCK-
LAND ELECTRIC COMPANY, Appellant.

(Argued October 1, 1930; decided October 21, 1930.)

*Abram F. Sevrin* and *Elwood C. Smith* for appellant. Defendant has the right to maintain poles and wires in streets and highways under a franchise; plaintiff may not object to its reasonable use of the highway therefor, unless he has the fee. (*People ex rel. Woodhaven Gas Co. v. Deehan,* 153 N. Y. 528; *Kellinger* v. *Forty-second St. R. Co.,* 50 N. Y. 206; *Osborn* v. *Auburn Telephone Co.,* 189 N. Y. 393; *People* v. *Kerr,* 27 N. Y. 188; *Peck* v. *Schenectady R. Co.,* 170 N. Y. 298.) Error was committed in determining that the condemnation proceedings did not vest the fee in the county. (*Bradley* v. *Crane,* 201 N. Y. 14; *Mott* v. *Eno,* 181 N. Y. 346; *Sweet* v. *B., N. Y. & P. Ry. Co.,* 79 N. Y. 293; *Jones* v. *Gardner,* 10 Johns. 266; *United States* v. *Hunter,* 21 Fed. Rep. 615; *Brooklyn Park Commrs.* v. *Armstrong,* 45 N. Y. 234.) Error was committed in holding that the defendant had not the right to maintain the additional wires for municipal lighting or for furnishing light and power to consumers along the route of the pole line, without further compensation to plaintiff. (*Eels* v. *Am. Tel. & Tel. Co.,* 143 N. Y. 133; *Osborn* v. *Auburn Telephone Co.,* 189 N. Y. 393; *Van Brunt* v. *Town of Flatbush,* 128 N. Y. 50; *Richards* v. *Citizens Water Supply Co.,* 140 App. Div. 206; *Witcher* v. *Holland Water Works,* 66 Hun, 619; 142 N. Y. 626; *People ex rel. Woodhaven Gas Co.* v. *Deehan,* 153 N. Y. 528; *Hequembaurg* v. *City of Dunkirk,* 49 Hun, 550; *Palmer* v. *Larchmont Electric Co.,* 6 App. Div. 12; 158 N. Y. 231; *Corrol* v. *City of Oswego,* 207 App. Div. 883.)

*Elbert N. Oakes* for respondent. The fee of the strip of land is still in the plaintiff and the condemnation proceeding did not operate to divest it. (*Hudson & Manhattan R. R. Co.* v. *Wendel,* 193 N. Y. 166; *Appleton* v. *City of New York,* 219 N. Y. 150; *Bradley* v. *Crane,* 201 N. Y.

14; *Mott* v. *Eno*, 181 N. Y. 346; *Silver Beach Realty Corp.* v. *Geelan*, 122 Misc. Rep. 644; *United States* v. *Hunter*, 21 Fed. Rep. 615; *Roberts* v. *Wentworth*, 5 Cush. [Mass.] 192; *Matter of N. Y. & H. R. R. Co.* v. *Kip*, 46 N. Y. 546.) A contract to light the streets does not entitle defendant, without making due compensation, to impose upon the streets the additional burden of wires for municipal purposes. (*Palmer* v. *Larchmont Electric Co.*, 158 N. Y. 231; *Eels* v. *Amer. Tel. & Tel. Co.*, 143 N. Y. 133.)

POUND, J. In the month of July, 1927, the county of Orange instituted condemnation proceedings under sections 148 and 150 of the Highway Law (Cons. Laws, ch. 25) to take from the plaintiff a strip of land, thirty-five feet wide on the westerly end, about fifty feet wide near the middle and running to a point on the easterly end, in the village of Harriman, containing .464 of an acre of land, for the purpose of changing the line of an existing highway in the course of construction of a county highway known as Turner's-Monroe County Highway, No. 46. The description of the land is by metes and bounds. The proceeding was concluded by a final judgment awarding plaintiff $4,500 for the land thus taken. The question is whether the county acquired the fee of such strip of land for highway purposes or an easement merely. If it acquired the fee, the defendant, a public service corporation, furnishing electricity, not only for lighting the streets of the village of Harriman but also for light and power to private consumers, may erect its poles and string its wires in the highway under proper public permits without making additional compensation to plaintiff. If it acquired an easement merely the highway is subject to street uses only and no new burden may be imposed on plaintiff's land without further compensation.

In this State a distinction is made between the burdens that may be imposed upon a road, urban or rural, when

an easement over land is taken for a right of way for highway purposes and when the fee is acquired. When an easement is taken all uses of the land directly or indirectly conducive to the enjoyment of the public easement which the necessity and convenience of the public may require, either then or in the future, are not deemed to be paid for even though the landowners get practically the full value of their land. Only such uses as appertain directly or indirectly to the right of passage and tend in some way to preserve or make more easy the exercise of such right may be imposed upon the easement. For other uses, public and municipal in their character, the landowner is entitled to additional compensation. Thus the lighting of a highway has been held to be one of the burdens upon the fee which must be borne as an incident to the public right of traveling over the way. (*Palmer* v. *Larchmont Electric Co.*, 158 N. Y. 231.) So as to sewers and water mains when connected with the use of the streets. But telegraph and telephone wires in no way improve the streets or aid the public in passing over them and are held to be an additional burden upon the fee. (*Osborne* v. *Auburn Telephone Co.*, 189 N. Y. 393.) The same rule would apply to the distribution of electricity to private owners for light and power purposes. The use of the streets is not improved by the poles and wires placed therein.

If, however, the fee has been transferred to the municipality such municipality may grant the use of the highway for any public or municipal purposes not inconsistent with nor prejudicial to its use for street purposes. (*Osborne* v. *Auburn Telephone Co., supra.*) The distribution of electricity for light and power purposes is a public and municipal use but not a street use under these decisions.

No distinction can now be drawn between city streets and country highways in this regard. Farmers generally

avail themselves of electric current whenever it is available. The electric light has taken the place of the tallow dip or the kerosene lamp. The electric motor has now been installed in lieu of man, woman or child power on so many farms as to be no longer a novelty. The distinction rests on the interest, if any, which remains in the adjacent landowner after the taking of a right of way for highway purposes.

Article 6 of the Highway Law, entitled " State and County Highways," has its origin in the development of a modern scheme of new or improved highways of sufficient public importance to constitute a part of a properly developed system of improved market roads either at State or county expense. It is broad and comprehensive. Such highways are no longer a matter of local consequence. Town highways are provided for by a separate article (Art. 8).

By section 148 of the Highway Law the board of supervisors " shall acquire land for the requisite right of way " for a State or county highway either by purchase (§ 149) or by condemnation. If unable to acquire land by purchase a petition may be presented to the court for the appointment of commissioners to determine " the compensation to be paid to the owners of the land to be acquired " (§ 150). When the commissioners file the oath of office " *The title to the lands described* in the petition and map filed in the office of the county clerk shall vest in the county for the purpose of a highway forever " (§ 152). The judgment in the condemnation proceedings herein reads as follows: " Ordered, adjudged and decreed that the public use requires the condemnation of *the real property described* and that said condemnation is necessary and that plaintiff [the county of Orange] is entitled to take and hold the same." Nothing in the statute or in the proceedings suggests that the county was limited in its powers to the acquisition of an easement or that the land acquired is less than the fee.

It is, however, urged that the law will not by construction effect a grant of a greater interest or estate than is essential for the public use; that the general rule is that when the language of the statute will bear a construction which will leave the fee in the landowner, such construction will be preferred; and, therefore, that we are bound to hold that the fee remains in the landowner (*Bradley* v. *Crane*, 201 N. Y. 14, 25), unless it is clear that it has been acquired by the county. The rule is properly applied in cases where the grant is limited to so much of the respective lands of the grantors " as may be necessary for the said public road; " where no specific lands are described in the instrument and where " the measure of the grant was the necessity for the road." When an easement is all that is necessary and is all that is described, conveyed or paid for this rule applies. On the other hand, when the description of the land taken is by metes and bounds and when a consideration of the need to be supplied points to a taking as broad as the language used in the judgment would imply, we should, if necessary, indulge in presumptions to uphold in its entirety rather than defeat or qualify the language of the judgment.

" The extent of the appropriation, in the case of a highway, or of a street, whether of a public easement therein, or of the fee, is to be determined by the language used and upon a consideration of the need to be supplied." (*Mott* v. *Eno*, 181 N. Y. 346, 366.) "A fee may be taken although the public use for which the land is to be taken is special and is not of necessity permanent or perpetual." (*Sweet* v. *Buffalo, N. Y. & P. Ry. Co.*, 79 N. Y. 293, 299.) The language used herein in the statute and the condemnation proceedings is sufficiently broad; the taking sufficiently definite; the purpose sufficiently plain; the consideration adequate to indicate a taking of the fee. The cities as a rule acquire title in fee to city streets and the tendency is away from the rustic rule of a mere right of way only.

By section 155 of the Highway Law, the board of supervisors may, where it has acquired land by purchase or condemnation as a right of way for a State or county highway, " sell, convey, grant or lease to the owner or owners of property adjoining the same, so much thereof as may be unnecessary for such highway purposes." Without considering the question of the constitutionality of excess condemnations (*Cincinnati* v. *Vester*, 281 U. S. 439), we take this language as significant of the legislative intent to provide for a taking of the fee for State and county highways. Otherwise a mere release of the easement would be all that was necessary.

When land specifically described by metes and bounds is taken for highway purposes without limitation on the nature of the taking; when the owner has been paid its full value and when the title has been vested in the public forever, it is more in keeping with modern concepts of the purpose of a highway to hold that it may be used, with public authority, for all public and municipal purposes not inconsistent with its use for street purposes, rather than to hold that the taking is presumptively for street purposes as strictly understood when the rule was first formulated and that, therefore, any additional burden on the highway, customary and necessary though it may be as an incident to the public use, requires a new taking and additional compensation.

The judgment of the Appellate Division and that of the Trial Term should be reversed and the complaint dismissed, with costs in all courts.

CARDOZO, Ch. J., CRANE, LEHMAN, KELLOGG, O'BRIEN and HUBBS, JJ., concur.

Judgments reversed, etc.