GLASS *v.* BAILEY ET AL.

[No. 29,098. Filed April 22, 1954.]

*Warren W. Martin, Jr.,* of Jeffersonville, for appellant.

*Robert G. Bottorff,* of Jeffersonville, for appellee.

DRAPER, C. J.—The appellant filed a petition for writ of habeas corpus to obtain the custody of her infant son, Ronald Lee Meadows. Judgment went for the appellees. The appellant's motion for new trial, which

asserts (1) that the decision is not sustained by sufficient evidence and (2) that it is contrary to law, was overruled, and she appeals.

Although the first specification in appellant's motion for new trial presents no question, since a negative decision may not be attacked upon the ground that there is a lack of evidence to sustain it, the appellant may properly assert under the second that by the decision she was denied relief to which she was entitled under the evidence as construed most favorably to the appellees. *Wilson, Admx.* v. *Rollings* (1938), 214 Ind. 155, 14 N. E. 2d 905; *McKee* v. *Mutual Life Ins. Co. of New York* (1943), 222 Ind. 10, 51 N. E. 2d 474; *Dept. of Insurance* v. *Indiana Trav. Assur. Co.* (1945), 115 Ind. App. 285, 58 N. E. 2d 761; *Wadler* v. *Mogul Rubber Corporation* (1945), 116 Ind. App. 152, 61 N. E. 2d 472; *Pearson Co.* v. *Cohen* (1949), 118 Ind. App. 699, 83 N. E. 2d 433.

It appears that the child was born in July, 1947, while the appellant was a patient in a tuberculosis hospital. She was unable to care for him and her sisters and mother refused to take him. The appellant asked the appellee, Ethel Bailey, to take the child as her own. He was turned over to Mrs. Bailey when he was five days old and Mr. and Mrs. Bailey, the appellees, have ever since properly cared for and supported him without contribution from any source.

The appellant was released from the tuberculosis hospital in 1947. She has an arrested case of tuberculosis. She made no serious effort to retake the child until just before she filed her petition in this case. She is now remarried and able to furnish a home for the child.

In cases of this kind the natural rights of the parent are entitled to due consideration, but the welfare and

happiness of the child is the paramount consideration. Hard and fast rules of law do not prevail. The question presented rests upon the exercise of a sound judicial discretion by the trial judge. It is seldom, indeed, that this court will reverse the decision of a trial judge who has seen the child, and has seen and heard the witnesses and observed their appearance and demeanor, all of which facilities for reaching a just and safe conclusion are denied to us. The above principles are so firmly established that the citation of authorities would be superfluous.

We quote *Brown* v. *Beachler* (1946), 224 Ind. 477, 68 N. E. 2d 915, as follows:

"The principles of the welfare of the child may be applied to defeat the claims of a parent when the parent has voluntarily relinquished to others the care and custody of the child until the affections of the child and its foster parent have become so interwoven that to sever them would seriously mar and endanger the future happiness and welfare of the child. *Gilmore* v. *Kitson* (1905), 165 Ind. 402, 407, 408, 74 N. E. 1083; *Schleuter* v. *Canatsy* (1897), 148 Ind. 384, 47 N. E. 825."

It is not unlikely that the trial judge was influenced to a large degree, as he had a right to be, by the considerations therein referred to. On the record before us it cannot be said that the evidence was such as to require a decision in favor of the appellant.

No complaint has been made of the court's failure to specify the times and places when and where the appellant could visit her son. See *Duckworth* v. *Duckworth* (1932), 203 Ind. 276, 179 N. E. 773.

Judgment affirmed.

Bobbitt, Emmert, Flanagan & Gilkison, JJ., concur.

NOTE.—Reported in 118 N. E. 2d 800.