## Fox *v.* Ohio Valley Gas Corporation et al.

[No. 30,433. Filed February 18, 1965.]

*Cecil C. Tague, Sr.* and *Roger H. Smith,* of Brookville, for appellants.

*Patrick J. Smith, James R. McClarnon,* and *Thompson, O'Neal & Smith,* Amicus Curiae, for Citizens Gas & Coke Utility.

*Ewbank & Meyer,* of Lawrenceburg, *Paul D. Lawson,* of Columbus, and *Mendenhall, Hunter & Stohler,* of Winchester, for appellees.

MYERS, J.—This is an appeal from judgments rendered in the Dearborn Circuit Court without the intervention of a jury in three separate actions for injunctions instituted by appellants wherein they asked to enjoin appellees from constructing a gas pipeline upon a county highway right of way claimed to be owned by appellants. Due to the similarity of these actions, they were tried together in the trial court and consolidated into one appeal. Permanent injunctions

were denied, and judgments were entered in favor of appellees accordingly. Motions for new trial were overruled and this appeal followed.

Appellants' brief alleges that this court has jurisdiction to entertain this appeal because the question involved is one in which appellants were denied a right guaranteed them by the State and Federal Constitutions, citing the "Fifth Amendment" to the Constitution of the United States, and Art. 1, § 21, of the Constitution of Indiana, which states in part:

"No man's property shall be taken by law, without just compensation; nor, except in case of the State, without such compensation first assessed and tendered."

Appellees filed a petition to transfer this appeal to the Appellate Court of Indiana on the grounds that no constitutional questions had been duly presented to the trial court during any of the proceedings therein; that this court has only such jurisdiction as is provided by statute; that one of the statutory grounds reads in part as follows:

"First. All cases in which there is in question, and such question is duly presented, . . . the constitutionality of a statute, . . . or the rights guaranteed by the state or federal constitution." Burns' Ind. Stat., §4-214, 1946 Replacement (Supp.) ;

that the main and principal question involved was the interpretation of a statute (Burns' Ind. Stat., §36-718, 1949 Replacement) which did not raise a constitutional question; that accordingly, the Appellate Court has jurisdiction of this appeal on the basis (1) no constitutional question is involved herein; (2) if so, the question was never duly presented; (3) if there was a constitutional question, it was subordinate to and incidental to the principal question which concerned the interpretation of a statute.

Appellants answered this petition by citing a brief which they claim was filed with the trial court in which the constitutional question is raised. It is cited as "Exhibit A" in their brief in opposition to appellees' petition to transfer to the Appellate Court.

The record reveals that appellants filed a complaint in which they alleged that they owned property which was crossed by a highway for which Dearborn County has an easement for right of way purposes; that the appellees were laying gas pipeline along the right of way and threatened to cross appellants' land on that right of way, and that, unless restrained, appellees would cross appellants' land with their gas pipeline; that this would cause great and irreparable damage to appellants' land for which they could not be compensated in damages; that they had no adequate remedy at law. Temporary and permanent restraining orders were asked as relief.

A temporary restraining order was issued, which was dissolved on motion of appellee. Later, another temporary injunction was granted. A change of judge was had upon proper motion of appellees. An answer in four paragraphs was filed by appellees to which appellants filed their "answer." A trial was held before the court, and, upon request of appellants, special findings of fact and conclusions of law were entered by the court in favor of appellees and judgment was entered accordingly. Appellants filed their motions for new trial which were overruled.

No constitutional question or issue was raised in any of the pleadings filed in the trial court.

The findings of fact and conclusions of law made no reference to a constitutional violation, and these were requested by appellants. The motions for new trial merely stated that the finding of the court was not sustained by sufficient evidence and was contrary to

law. They also alleged error in that the court refused to permit the admission of certain testimony during the trial. In other words, there was absolutely no presentment to the trial court in any manner whatsoever of a constitutional question.

It has been held many times that where a constitutional issue is not "duly presented" to the trial court for determination, it will not be considered on its merits in this court.

In *Jones et ux.* v. *Stawicki et ux.* (1953), 233 Ind. 272, 274, 11 N. E. 718, our court said as follows:

> "It is to be noted that under §4-214, Burns' 1946 Replacement, the constitutional issue must be *'duly presented.'* " 'It is a general rule that objections not presented to the trial court will not be available to reverse its judgment on appeal. It does not appear that the constitutionality of said act was presented to the circuit court. The jurisdiction of this cause is in the Appellate Court.' *Ross, Rec.* v. *Terre Haute, etc., Traction Co.* (1930), 202 Ind. 698, 700, 171 N. E. 665."

Also, in *Prunk* v. *Indpls. Redevelopment Comm.* (1950), 228 Ind. 579, 585, 586, 93 N. E. 2d 171, 173, 174, it was stated:

> "However, it does not appear from the special findings and conclusions of law thereon, that the constitutional questions now sought to be raised were ever properly presented to the trial court. The remonstrances, which were dismissed, did not specify any provision, either by section, article, or by identifiable reference, of either the federal constitution or the Constitution of Indiana, that was violated. Nor did the pleading whereby the appeal was taken assert the violation of any constitutional right. When a provision of a constitution is asserted to be violated it should be pointed out with such certainty that the trial court and this court have no difficulty in determining what part of the constitution is violated by it. *In Re Petition of Pittsburgh, etc., Ry. Co.* (1897), 147 Ind. 697, 47 N. E. 151; *Edenharter, Supt.* v.

*Conner* (1916), 185 Ind. 643, 114 N. E. 212; *Simmons* v. *Simmons* (1917), 186 Ind. 575, 116 N. E. 49; *Overshiner* v. *State* (1901), 156 Ind. 187, 59 N. E. 468; *Levy* v. *State* (1903), 161 Ind. 251, 68 N. E. 172; *Manley* v. *State* (1925), 196 Ind. 529, 149 N. E. 51; *Luttrell* v. *State* (1932), 204 Ind. 116, 183 N. E. 318; 12 C.J. 785, §216. Even if it be conceded that the allegations of the remonstrance were sufficiently definite to raise a constitutional issue, yet the remonstrance was dismissed on motion of the appellants so that there was nothing of record before the trial court presenting any constitutional issue. Nor do the special findings and conclusions show that the trial court considered any such issue. We must hold, under this state of the record, that there is no constitutional issue on the merits presented here."

*Jones et ux.* v. *Stawicki et ux.* (1953), 233 Ind. 272, 274, 111 N. E. 2d 718, *supra,* was cited as authority for the following statement in *City of Indianapolis, etc.* v. *Wynn et al.* (1959), 239 Ind. 567, 582, 157 N. E. 2d 828, 159 N. E. 2d 572, 573 (on rehearing) :

"It has been uniformly held in Indiana that a constitutional question will not be considered on appeal unless it was presented in the trial court."

See also *St., Gross Inc. Tax Div. et al.* v. *Pearson Constr. Co.* (1957), 236 Ind. 602, 141 N. E. 2d 448, and *Stoner* v. *Howard Sober, Inc.* (1957), 127 Ind. App. 338, 141 N. E. 2d 458. In *DeSchamps* v. *Board of Zoning Appeals, etc.* (1961), 241 Ind. 615, 174 N. E. 2d 581, this court held that it was too late to raise a constitutional question in a motion for a new trial.

Appellants claim that they filed a trial brief with the trial court before final judgment was entered in which they raised the constitutional question as to whether Art. 1, §21, of the Constitution of Indiana, was violated. However, this brief is not found in the transcript of the record. Appellants' praecipe requested the Clerk

to prepare and certify a "complete transcript of the entire records of the above entitled cause, on appeal to the Supreme Court of Indiana." The Clerk certified that the transcript herein contained "full, true, and correct copies, or the originals, of all papers and entries in said cause required by the above and foregoing praecipe."

We are bound by the record and cannot go outside it to determine matters pertaining to the trial of these causes.

The appeal is transferred to the Appellate Court of Indiana pursuant to Burns' Ind. Stat., §4-217, 1946 Replacement.

Arterburn, C. J., and Achor and Landis, JJ., concur.

Jackson, J., concurs in result.

NOTE.—Reported in 204 N. E. 2d 366.