FOX ET AL. *v.* OHIO VALLEY GAS CORPORATION ET AL., MILLER *v.* OHIO VALLEY GAS CORPORATION ET AL., MILLER ET AL. *v.* OHIO VALLEY GAS CORPORATION ET AL.

[No. 20,341. Filed December 30, 1966. Rehearing denied July 27, 1967. Petition for transfer granted April 2, 1968. 235 N. E. 2d 168.]

*Cecil C. Tague, Sr.,* and *Roger H. Smith,* both of Brookville, for appellants. *Patrick J. Smith* and *James R. McClarnon* and *Thompson, O'Neal & Smith,* all of Indianapolis, amici curiae.

*Ewbank & Meyer,* of Lawrenceburg, *Paul D. Lawson,* of Columbus, *Mendenhall, Hunter & Stohler,* of Winchester, for appellees.

CARSON, J.—This cause was appealed from the Dearborn Circuit Court, sitting in equity, the Honorable William M. Lienberger, Special Judge.

The appellants, in their brief, alleged jurisdiction of the Supreme Court of Indiana for the reason that they had been denied their rights guaranteed them by the Constitution of the United States and the Constitution of the State of Indiana.

The Supreme Court in viewing the case found no constitutional question involved and the cause was transferred to this court under § 4-217 Burns' 1946 Replacement.

The opinion of the Supreme Court appears in 246 Ind. 229, 204 N. E. 2d 366.

The issues were formed by the complaint of the appellants, answer by appellee to which an answer was filed by the appellants. We take the statement of the Supreme Court as to what the issues were by summarizing the appellants' complaint on page 367 of 204 N. E. 2d.

After the introduction of evidence and at a proper time, special findings of fact and conclusions of law were requested which were entered by the court in favor of the appellees and judgment was entered accordingly.

The special findings of fact may be summarized as follows:

The appellants are owners of the fee in land abutting Yorkville Road in Dearborn County. The appellee, Ohio Valley Gas Corporation, is a public utility organized under the laws of this state and engaged in the purchase, transmission, distribution and sale of natural gas within its territory as established by the Public Service Commission of Indiana. Appellee McGuire Pipeline Corporation has a contract with its co-appellee for laying the pipeline. Prior to December 7, 1962, the Board of Commissioners of Dearborn County, Indiana, granted the appellee, Ohio Valley Gas Corporation (afterward called Ohio) permission to use the Yorkville Road for laying its pipeline; there was a contract to this effect for which Ohio paid Dearborn County $100.00.

On December 14, 1962, Ohio was granted a Certificate of Convenience and Necessity by the Public Service Commission to render gas distribution service to customers within the area one mile on either side of the pipeline in Dearborn County.

Ohio has not acquired any rights by condemnation proceedings nor has it received permission from the appellants to construct the pipeline along the section of Yorkville Road which abuts appellants' properties. It has not paid any money to appellants for the right to construct the pipeline along the road. The construction of the pipeline is necessary to transport gas to Connersville where Ohio has approximately 3,300 customers and also for approximately 200

potential customers along the pipeline as it crosses Dearborn County.

The Court also found that money damages would adequately compensate the abutting property owners and that their remedy at law was adequate.

The conclusions of law upon the facts, as stated, were:

"1. That the law is with the defendants.
2. That on December 7, 1962, the public was rightfully in the use and possession of the Yorkville Road, including that portion of said right-of-way where it crossed the land of the Plaintiffs, and that the Commissioners of Dearborn County were duly authorized to give the right to lay a pipeline, conduit or private drain across or along said county highway and had granted a right to the Defendant, Ohio Valley Gas Corporation, to construct its pipeline within the right-of-way of the Yorkville Road.
3. That on said day, the Plaintiffs had no right to enjoin the Defendants' construction of said pipeline.
4. That the Plaintiffs' remedy at law is adequate and public policy requires that the rights of the community should be protected and the landowner left to his remedy at law.
5. That the Plaintiffs are not entitled to a permanent injunction for want of equity and the Defendants ought to recover their costs.
6. That the Defendants are entitled to an injunction perpetually enjoining the Plaintiffs from interfering in any way with the construction, maintenance or operation of said pipeline, or interfering with the right to construct, maintain and operate its pipeline in and along said Yorkville Road."

The grounds alleged in the motion for new trial are:

1. The finding of the court is contrary to law;
2. The finding of the court is not sustained by sufficient evidence; and,
3. Error in refusing to allow a witness to answer certain questions.

The Court overruled the motion for new trial and this is the sole assignment of error upon which the appeal was taken.

We shall consider the second ground in the motion for a new trial and then address ourselves to the first and third grounds in the motion.

The judgment below was in effect a negative judgment as to the appellants and therefore no question is presented for our consideration under the assignment that the finding of the court was not sustained by sufficient evidence, *Glass* v. *Bailey* (1953), 233 Ind. 266, 118 N. E. 2d 800, *Metrailer, et al.* v. *Bishop, et al.* (1959), 130 Ind. App. 77, 79, 162 N. E. 2d 94, 95.

This brings us now to the first assignment of error that the finding of the court is contrary to law, both this court and the Supreme Court have held that where the appellant is able to demonstrate that he was denied the relief to which he was entitled, this court may reverse on the grounds that the finding of the court was contrary to law. This assignment requires us to consider all of the evidence most favorable to the appellee to determine whether or not reasonable-minded men would have arrived at a different result, *Gorby* v. *McEndarfer* (1963), 135 Ind. App. 74, 191 N. E. 2d 786, *Myers* v. *Wyrick* (1963), 134 Ind. App. 670, 191 N. E. 2d 107.

In considering the argument portion of the appellants' brief in light of this assignment, we address ourselves to the question of whether or not the action of the appellees constituted an additional servitude upon the appellants interest in the real estate in question. Our research has covered cases of a similar nature in Ohio, Minnesota, West Virginia, Washington, Kentucky and Indiana. We feel that for clarity in this opinion, we should discuss those cases and the underlying legal principles involved.

The most clear cut case involving the scope of an easement for a rural road is *Kincaid* v. *Indianapolis Gas Co.* (1895), 124 Ind. 577, 580, 24 N. E. 1066. In *Kincaid* the court found the necessary basis for granting an injunction, i.e. the existence of a property right:

"Subject to the right of the public the owner of the fee of a rural road retains all right and interest in it. He remains the owner, and, as such, his rights are very comprehensive. *Brookville, etc., Co.* v. *Butler,* 91 Ind. 134; *Shelbyville, etc., T. P. Co.* v. *Green,* 99 Ind. 205; *Dovaston* v. *Payne,* 2 H. Bl. 527; *Peck* v. *Smith,* 1 Conn. 103; *Trustees, etc., Society* v. *Auburn, etc., R. R. Co.,* 3 Hill, 567.

"That the appellant has a special private interest in the land upon which the highway is located, which can not be taken from him without compensation, is quite clear upon principle and authority.

"The appropriation of the land for a rural highway did not entitle the local officers to use it for any other than highway purposes, although they did acquire a right to use it for all purposes legitimately connected with the local system of highways. A use for any other than a legitimate highway purpose is a taking within the meaning of the Constitution, inasmuch as it imposes an additional burden upon the land, and whenever land is subjected to an additional burden the owner is entitled to compensation. The authorities, although not very numerous are harmonious upon the proposition that laying gas pipes in a suburban road is the imposition of an additional burden, and that compensation must be made to the owner. *Bloomfield, etc., Co.* v. *Calkins,* 62 N.Y. 386; *Bloomfield, etc., Co.* v. *Calkins,* 1 T. & C. (N.Y.) 549; *Bloomfield, etc., Co.* v. *Richardson,* 63 Barb. 437; *Sterling's Appeal,* 116 [111] Pa. St. 35; *Webb* v. *Ohio Gas Fuel Co.,* 16 Weekly L. Bulletin, 121."

When the court balanced the equities and considered the laches of the plaintiff, it held an injunction was not a proper remedy and that the plaintiff had an adequate remedy at law.

In the case *Hofius* v. *Carnegie-Illinois Steel Corp.* (1946), 146 Ohio St. 574, 67 N. E. 2d 429, the Supreme Court of Ohio overruled two prior inconsistent cases and reaffirmed the holding of earlier Ohio cases.

"In this state the fee to the country highway is in the abutting owner, and the public has only the right of improvement thereof and uninterrupted travel thereover."

See also *Paine's Guardian* v. *Calor Oil & Gas Co.* (1907), 133 Ky. 614, 103 S. W. 309. The rule in Pennsylvania is still

that stated in *Sterling's Appeal* (1885), 111 Pa. St. 35, 2A 105.

We cannot agree with those cases from other jurisdictions holding that laying a gas pipeline in the easement for a rural road is not an additional servitude on the fee, *Herold* v. *Hughes* (1955), 141 W.Va. 182, 90 S. E. 2d 451; *State* v. *Board of County Commissioners of the County of Walla Walla* (1947), 28 Wash. 2d 891, 184 P. 2d 577, 172 ALR 1001; *Cater* v. *Northwestern Telephone Exchange Co.* (1885), 60 Minn. 539, 63 N. W. 111.

Appellees advance several arguments for holding there is no additional servitude in the case at bar. One is that such a use is merely an advancement in the technology of transportation. The fallacy in this argument was eloquently laid bare in *Eels* v. *American Telephone & Telegraph Co.* (1894), 143 N. Y. 133, 38 N. E. 202.

"We cannot agree that this permanent appropriation and exclusive possession of a small portion of the highway can properly be regarded as any newly-discovered method of exercising the old public easement, for the very reason that this so-called 'new method' is a permanent, continuous, and exclusive use and possession of some part of the public highway itself, and therefore cannot be simply a new method of exercising such old public easement. It is a totally distinct and different kind of use from any heretofore known. It is not a mere difference in the kind of vehicle, or in their number or capacity, or in the manner, method or means of locomotion. All these might be varied, increased as to number, capacity, or form, altered as to means or rapidity of locomotion, or transformed in their nature and character, and still the use of the highway might be substantially the same,—a highway for passage and motion of some sort. Here, however, in the use of the highway by the defendant is the fact of permanent and exclusive appropriation and possession, a fact which is, as it seems to us, wholly at war with that of the legitimate public easement in a highway."

Another argument is that the question of the creation of an additional servitude has already been decided in Indiana adverse to the contentions of the appellants. Appellees' base

this argument on *Illinois Pipe Line Co.* v. *Indiana Statewide Rural Electric Membership Corp.* (1940), 107 Ind. App. 372, 24 N. E. 2d 805.

As we read this case it holds that Illinois Pipe Line Company was not in the position to raise the issue whether the erection and maintenance of poles and wires constituted an additional servitude.

We would also draw attention to two cases involving situations where a pipeline had been laid without the permission of either the county commissioners or the landowner, *Consumer Gas Co.* v. *Huntsinger* (1895), 14 Ind. App. 156, 39 N. E. 423, 42 N. E. 640, where the court held that the landowner could tear up and remove the pipes placed on the highway easement over her land and,

*Huffman* v. *State* (1898), 21 Ind. App. 449, 52 N. E. 713, where the appellant was held guilty of a criminal trespass when he was directing the removal of a pipe which had been laid along the highway easement.

There are two interests in the road:
1. The easement, and
2. The servient fee.

The law in Indiana recognizes the scope of the easement in a rural road is for highway purposes and that a gas pipeline is not a highway purpose.

The county commissioners have the power to grant a permit to utility company to use the property of the county, § 26-620 (5) Burns' 1961 Replacement. Any person desiring to lay a pipeline across or along any county highway shall first enter into a contract with the Board of County Commissioners, § 36-718 Burns' 1949 Replacement.

The utility has the power of eminent domain to acquire the interest of the fee-holder § 3-1713 Burns' 1946 Replacement.

In the case at bar Ohio Valley Gas did not use its power of eminent domain to acquire the interest of the appellants.

Instead they relied on the erroneous contention that the pipeline did not constitute an additional servitude and thus the permission of the county commissioners was sufficient to allow them to lay the pipeline.

The assignment contained in the motion for new trial charging error in refusing to allow a witness to answer certain questions, in our opinion, did not constitute error in light of the result we have reached.

It is the opinion of this court that the laying of the gas line did create an additional servitude upon the interests of the plaintiff-appellants in the portion of the public way wherein the gas line was laid. Insofar as the conclusions of law 1 and 2 by the trial court might be construed to be in conflict with this statement, the same are modified. The finding and conclusion of the trial court to the effect that the landowner has an adequate remedy at law in this case are correct. The judgment of the court insofar as it denies the plaintiffs injunctive relief in this case is affirmed.

Judgment affirmed.

Wickens, C. J., not participating.

Faulconer, Prime, JJ., concur.

ON PETITION FOR REHEARING

CARSON, P. J.—We have examined the petition for rehearing filed by the plaintiff-appellants. We conclude that no new questions are presented for our consideration by this petition. We would point out that the questions raised by the petition are new and additional points not adequately covered or presented to this court for consideration in the original appeal. A careful consideration of the points raised in the appellants' original brief indicates that the questions presented in the petition for rehearing were not presented to this court by cogent argument and the application of authorities.

We have considered the petition for rehearing filed in the above matter by the appellee, Ohio Valley Gas Corporation.

We find no merit to the argument contained in the petition. The petitioner, appellee, contends that we have overruled a ruling precedent of the Supreme Court of Indiana in the case of *Magee* v. *Overshiner* (1898), 150 Ind. 127, 49 N. E. 951. We would call attention to the fact that the *Magee* case involved a public way in a municipality and Indiana has made a distinction in applying the rule between roads and ways in a municipality and those in rural communities.

While this distinction has been criticized in other jurisdictions, we are nevertheless obligated to follow the law as it is in Indiana and we do not pass upon the wisdom of the distinction. We should also like to call attention to the fact that a very exhaustive opinion on a similar question to that presented in the instant case, was decided by the Court of Appeals of New York in the case of *Heyert* v. *Orange & Rockland Utilities, Inc.* (1966), 17 N. Y. 2d 352, 218 N. E. 2d 263.

We shall not burden this opinion with extracts from that case since it covered eight printed pages, but we would invite attention to the language used by the court on page 270 of the opinion: (Judge Keating concurs in a separate opinion).

> "I agree that the order appealed from should be affirmed only because I feel constrained by the numerous decisions of this court which make the rule to be followed unmistakably clear (see Thompson v. Orange & Rockland Elec. Co., 254 N. Y. 366, 173 N. E. 224; Osborne v. Auburn Tel. Co., 189 N. Y. 393, 82 N. E. 428; Holden v. City of New York, 7 N. Y. 2d 840, 196 N. Y. S. 2d 712, 164 N. E. 2d 728). But a rule which had its origin in the limited uses to which public streets were once put should not forever handicap the obvious necessities of modern day needs. At this late date, however, any change to be made should only be made by the Legislature."

We should also invite attention to the fact that the appellant urged that a permanent injunction should be granted for the reason that there had been a taking of appellants' land without compensation and therefore a violation of his rights under the Constitution of the State of Indiana. In this connec-

tion, we point out that the Supreme Court of the State of Indiana in transferring the case to the Appellate Court for disposition held adversely to the appellant on this question in saying that no constitutional question was involved.

Both petitions are therefore denied.

Cooper, J., Faulconer, J., and Prime, J., concur.

NOTE.—Reported in 222 N. E. 2d 412. Rehearing denied 228 N. E. 2d 42.