CITY CLUB OF AUBURN, Appellant, v. JOHN A. McGEER, Respondent.

Real property — tenant in common cannot, by his sole act, create easement in common property for benefit of adjoining property owned by him in severalty — when an admission on the trial is an admission of law and not of fact — effect of such admission.

One tenant in common cannot by his sole act create an easement in the property held in common for the benefit of adjoining property owned by him in severalty.

Quære, whether one tenant in common of property cannot, as an incident of such ownership, use the land so held in common at will in crossing to and from other adjoining lands owned by him in severalty.

Plaintiff, claiming to be the owner of an undivided interest in the fee of a lane which adjoined lots owned by itself and by defendant in severalty, brought suit to recover such undivided interest and to enjoin defendant from maintaining a fence which prevented plaintiff from using the lane in connection with an adjoining lot of which he was the owner. The answer denied plaintiff's ownership of an interest in the fee, but defendant upon the trial, after the deeds upon which the parties rely were in evidence, admitted that plaintiff was the owner in common of an undivided part of the fee of such lane. *Held*, upon examination of the entire record, that plaintiff was not an owner in common of the fee of the lane and cannot maintain the action; that the admission was an admission of law upon conceded facts rather than an admission of a fact independent of the deeds and records upon which the parties to the action concededly depend. The judgment being for defendant, the admissions do not require that a new trial be granted, because the records show that both parties stand upon their legal rights to be determined upon conceded facts, and each has stated in his brief before this court that his legal rights must be determined upon a construction of the deeds which are before the court.

*City Club* v. *McGeer*, 129 App. Div. 934, affirmed.

See opinion upon motion for re-argument — 198 N. Y. 609.

(Argued February 23, 1910; decided March 22, 1910.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered January 27, 1909, affirming a judgment in favor of defendant entered upon a verdict directed by the court and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*John D. Teller* and *Porter Beardsley* for appellant.

*Richard C. S. Drummond* for respondent.

CHASE, J.    Amos Underwood in his lifetime was the owner of a rectangular piece of land at the corner of Court and Genesee streets in the city of Auburn.    Such rectangular piece of land included parcels 1 to 9 inclusive as shown on the following diagram:

In 1878 after the death of said Underwood the rectangular piece of land being owned by several persons in common was divided into lots as shown on the diagram and conveyed in severalty to certain of the then owners thereof.    Lots 1 to 5 inclusive are each 25x82½ feet including in the depth the strip marked 7.    Lot 6 is known as the "laneway."    It was conveyed with lot 5 to a remote grantor of the defendant by a description as follows: "Beginning on the west line of

Court street at the northeast corner of lands this day conveyed to Emily Bemis (Lot 4), and running thence westerly on said Emily Bemis' north line 82 feet 6 inches to the east line of lands of Horace T. Cook (lot 10); then northerly on said Cook's east line 33 feet (southwest corner of lot 9); thence easterly parallel with said Emily Bemis' north line 82 feet 6 inches to the west line of Court street; thence southerly on the west line of Court street 33 feet to the place of beginning, excepting and reserving therefrom 4 feet on the west side (part of strip 7) and 8 feet on the north side thereof (lot 6) which is to be kept perpetually open and used in common with the owners of lands this day conveyed to George Underwood (lot 1), Julia C. and Isabella Ferris (lot 2), Emily Bemis (lots 3 and 4), Charles G. Briggs (lot 9), and Henry Underwood (lot 8)."

Subsequently and on January 3, 1880, the then owners of lots 1 to 5 inclusive and lots 8 and 9 as shown on the diagram, being uncertain about the ownership of the fee of lot 6 called the "laneway" obtained a quitclaim deed from the persons who had formerly been the owners thereof in common with the grantees in the several deeds of 1878, in which deed the lands which they purport to quitclaim and sell are described as follows: " Beginning at a point where the west line of Court street in said city of Auburn is intersected by the north line of lands now owned by the said Laura Underwood (lot 5) and running thence westerly about eighty-two and one-half ($82\frac{1}{2}$) feet to Horace T. Cook's east line; thence along said Cook's east line about $82\frac{1}{2}$ feet (error, should be 8 feet) to Charles G. Briggs' south line (southwest corner lot 9); thence easterly along the south line of Charles G. Briggs' land and the south line of lands now owned by Henry Underwood, about eighty-two and one-half ($82\frac{1}{2}$) feet to said west line of Court street; thence along said last mentioned line in a southerly direction about $82\frac{1}{2}$ feet (error, should be 8 feet) to the place of beginning. The premises herein intended to be conveyed are the same premises now opened and used as a lane by the parties of the second part hereto

and this conveyance is made upon the express condition that said lane be always kept open for the benefit of said parties of the second part and each of them, their heirs and assigns."

By the division in severalty in 1878 Charles G. Briggs became the owner of lot 9 and he subsequently conveyed that lot to the plaintiff. The plaintiff thereafter sold lot 9 and purchased the Cook property (lot 10). In the conveyance by Briggs to the plaintiff of lot 9 is a provision as follows: "Together with a right of way through and over said eight foot lane, from the rear of the premises above described, easterly to Court street, to be used in common with other parties entitled to use the same, and together also with all the right, title and interest of the party of the first part hereto in and to the land included in the boundaries of said lane."

The plaintiff asserts that it is an owner of an undivided interest in the fee of the lane by virtue of said conveyance from Briggs to it of lot 9 and it insists upon using such lane for the benefit of its lot 10.

The defendant, who subsequently became the owner of lot 5 and the lane by mesne conveyances from the grantee thereof in 1878, from which conveyance we have quoted, erected a fence at the westerly end of said lane to prevent the plaintiff from using it in connection with said lot 10. This action was commenced to enjoin the defendant from maintaining such fence. The defendant by his answer to the original complaint having denied the allegation of the plaintiff therein that it is the owner of an undivided interest in the fee of the lane, the plaintiff served an amended complaint by which it seeks to recover the possession of an undivided one-seventh of the fee of said lane and also to enjoin the defendant from maintaining said fence. The defendant has recovered. We think the recovery should be sustained although upon a different ground than stated by the trial court. The deed to the defendant's remote grantor and the subsequent mesne conveyances to the defendant are each a conveyance of the fee of the land excepting and reserving the eight feet known as the "laneway" to be kept perpetually open and used in

common for the benefit of the several parcels of land included in said rectangular piece.

The construction and effect of such a deed was fully considered by this court in *Osborne* v. *Auburn Telephone Co.* (189 N. Y. 393), in which case it was important to determine the ownership of the fee of the land in the divided half of a street. The deed in that case conveyed real property adjoining the street including in the description the lands to the center of such street and following such specific description is a provision as follows: "Reserving 50 links in width the whole distance from east to west for a road and which now constitutes the north half of Fitch Avenue the whole distance of said Richardson farm which has been opened to the public."

This court, referring to such deed, say : " We here have first an absolute conveyance to the plaintiff of the fee of the north half of Fitch avenue, then follows a reservation for a road which had then been opened to the public. We think that this conveyance operated to vest in the plaintiff the fee, subject, however, to the easement of the public thereon for the purpose of a road or a highway." (p. 396.)

The language of the court in that case is applicable to the case before us. As the grantee in the deed of 1878 became the owner of the fee of such lane, subject to the use thereof as therein stated, the conveyance of January 3, 1880, from which we have quoted, did not result in transferring anything whatever to the grantees therein named.

The plaintiff, not being an owner in common of the fee of the lane, cannot maintain this action. The merits of the controversy are, by our construction of said deeds, fully determined in favor of the defendant. It has been suggested among ourselves that there is some difficulty upon the present record in sustaining the judgment appealed from, by reason of the fact that the defendant upon the trial admitted that the plaintiff is the owner in common of an undivided part of the fee of such lane. The case was undoubtedly tried upon that theory, but a careful examination of the entire record shows that the admission made at different times by the

defendant was an admission of law upon conceded facts rather than an admission of a fact independent of the deeds and records upon which the parties to the action concededly depend. The answer of the defendant denied the plaintiff's ownership of an undivided interest in the fee of the lane. After the deeds upon which the parties rely were placed in evidence, the defendant made the admissions mentioned. The judgment being for the defendant, the admissions do not require that a new trial be granted, because the record shows that both parties stand upon their legal rights to be determined upon conceded facts, and each has stated in his brief before this court that his legal rights must be determined upon a construction of the deeds which are before us.

We have intentionally refrained from discussing at any length the right, if any, which the plaintiff would have to use said lane for the benefit of lot 10 if it had established an undivided interest in the fee thereof.

It may be conceded that one tenant in common cannot by his sole act create an easement in the property held in common for the benefit of adjoining property owned by him in severalty. (*Crippen* v. *Morss*, 49 N. Y. 63; *Palmer* v. *Palmer*, 150 N. Y. 139; Gerard's Titles to Real Estate [4th ed.], 762.) There is, however, a very interesting question whether one tenant in common of property cannot as an incident of such ownership use the land so held in common at will in crossing to and from other adjoining lands owned by him in severalty. A further discussion of that question, however, is unnecessary in view of our conclusion in regard to the ownership of the fee of the lane.

The judgment should be affirmed, with costs.

CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, HAIGHT, VANN and WILLARD BARTLETT, JJ., concur.

Judgment affirmed.