CITY CLUB OF AUBURN, Appellant, *v.* JOHN A. McGEER, Respondent.

(Submitted April 25, 1910; decided May 10, 1910.)

MOTION for re-argument. (See 198 N. Y. 160.)

*John D. Teller* and *Porter Beardsley* for motion.

*Richard C. S. Drummond* opposed.

CHASE, J. This motion is based upon the claim that the court overlooked the distinction between an "exception" and a "reservation" in construing the deed to the defendant's remote grantor. The distinction was not overlooked. The only authority referred to in the opinion (198 N. Y. 160) in construing said deed is the case of *Osborne* v. *Auburn Telephone Company* (189 N. Y. 393). In the *Osborne* case the general description in the deed construed was followed by the words "Reserving 50 links in width * * *." In the deed construed in this case the general description is followed by the words "Excepting and reserving therefrom 4 feet on the west side and 8 feet on the north side * * *." It is true that there is a well-known difference in the technical meaning of the words "exception" and "reservation" when

used in a deed. In *Schoonmaker* v. *Hoyt* (148 N. Y. 425) this court say : " By an exception, the thing excepted is taken wholly out of the grant, and is no parcel of the thing granted. That which is excepted out of the general words is in the same case as if it had never been touched." (p. 429.)

In *Craig* v. *Wells* (11 N. Y. 315) this court say : " A reservation is always of something taken back out of that which is clearly granted ; while an exception is of some part of the estate not granted at all. A reservation is never of any part of the estate itself, but of something issuing out of it, as for instance, rent, or some right to be exercised in relation to the estate ; as to cut timber upon it. An exception, on the other hand, must be a portion of the thing granted, or described as granted, and can be of nothing else ; and must also be of something which can be enjoyed separately from the thing granted." (p. 321.)

It will be seen in this case that the grantors use both of the words as follows, " excepting and reserving." The words in their technical meaning are contradictory. The grantors could not have intended an exception and a reservation both in their technical sense. They must, therefore, have used the words as meaning one thing and that as saving to the several grantees the right to use the specified strips of land as roadways in common with the owners of the other land that day conveyed. The clause constitutes a reservation of the use and not an exception from the grant. (*Blackman* v. *Striker*, 142 N. Y. 555.) In the last-mentioned case the common ancestor provided by will for the allotment of his land among his devisees. One parcel forty feet by eighty feet was fenced off, containing the family burial ground. The allotment was made, and in the conveyance to the devisee who received as part of his portion the plot referred to this clause appeared : " Saving, excepting and reserving unto the heirs of the said John Hopper of the Out Ward, deceased, and to their and each of their heirs out of this present demise, all that certain burying ground now in fence consisting of forty-eight feet square parcel of the said lott of ground and commonly called the family burying ground, with free ingress, egress and re-gress into, out of and from the same to bury the dead, etc., forever."

(p. 559.) The grantee removed the corpses interred in the lot and erected a costly building thereon. The court in construing this clause decided that it did not except the fee from the operation of the conveyance. (See, also, *Myers* v. *Bell Telephone Company*, 83 App. Div. 623.)

In the *Blackman* case this court say: " An exception or reservation in a deed is to be taken most favorably to the grantee, and if there is uncertainty or ambiguity in the language, he should have the benefit of the doubt or the ambiguity. They should be taken most strongly and construed most strictly against the grantor whose words they are and against him who stands in his place, and if an advantage can be gained from an uncertainty or ambiguity in the words, the grantee or person standing in his place is entitled to the benefit of it." (p. 560.)

Again in the same case this court say : " The primary rule of construction applicable to a clause in a deed in the form of an exception or reservation is to gather the intention of the parties from the words, by reading not simply a single clause, but the entire context, and, where the meaning is doubtful, by considering such surrounding circumstances as they are presumed to have considered. (*Clark* v. *Devoe*, 124 N. Y. 120.)" (p. 561.)

Again in the same case the court say: " The grantor in framing the clause under consideration used the words ' exceping and reserving' evidently without regard to their technical legal significance. Whatever his intention was these words could not well be used together, since they express wholly different if not antagonistic ideas." (p. 561.)

The word " exception " is sometimes used to mean "reservation " and the word " reservation " to mean " exception." ( *White* v. *N. Y. & N. E. R. R. Co.*, 156 Mass. 181 ; *Elsea* v. *Adkins*, 164 Ind. 580.) Where the words are used together without evincing any definite knowledge of their technical meaning the intention of the parties must be ascertained from the instrument interpreted in the light of the surrounding circumstances. (*Blackman* v. *Striker*, *supra ;  White* v. *N. Y. & N. E. R. R. Co.*, *supra ;  Gill* v. *Fletcher*, 74 Ohio State, 295 ; *Martin* v. *Cook*, 102 Mich. 267.)

At the time of the execution of the deed under consideration a large number of persons owned the rectangular piece of land in common. Seven of the number simultaneously took conveyances of independent parts of such piece of land. A reference to the diagram will show how important, or at least desirable, it was for the persons who took title to the first five lots to have a passageway to the rear thereof. Such lots were not wide enough to allow a passageway along their sides and have room to erect a house after the plan usually adopted in interior towns or cities. The strip marked "7" on the diagram is only four feet wide, and the strip marked "6" is only eight feet wide and it was clearly intended by the parties that such strips of land should be used in common by the owners thereof to reach the rear of lots 1 to 5 and the end of lots 9 and 8. The owners in common of the rectangular piece of land except those that took title to divided lots parted with their interest in each of the lots 1 to 5 and 8 and 9. The fee of the two narrow strips of land could never be of any value independent of other property. It would have been quite without reason for the persons parting with their interest in each and every other lot to have reserved the fee of the eight feet "laneway" and the four foot strip in the rear of lots 1 to 5. I think that the statement made in the opinion that the language of the court in the *Osborne* case is applicable to the case before us is true and that the deed in question properly construed vests in the defendant the fee of the "laneway" subject to the same being kept open and used in common with the other owners of the lands formerly included in the rectangular piece of land.

The motion should be denied, with ten dollars costs.

CULLEN, Ch. J., GRAY, HAIGHT, VANN and WILLARD BARTLETT, JJ., concur.

Motion denied.