■ HERBERT GILBERT et al., Respondents, v. WORKMAN'S CIRCLE CAMP OF THE NEW YORK BRANCHES, INC., Appellant.— In an action for an injunction to remove encroachments, for a judgment declaring plaintiff to be the owner and entitled to the possession of a certain parcel of real property, and for a judgment (under the fourth cause of action) declaring that plaintiffs have an easement of access over a certain parcel of real property for the purpose of using Sylvan Lake, defendant appeals from an order and judgment of the Supreme Court, Dutchess County, dated October 30, 1959, which granted a motion by plaintiffs, pursuant to rule 114 of the Rules of Civil Practice, for partial summary judgment on the fourth cause of action, declaring that plaintiffs, as owners in fee of certain real property, have easement rights in and over defendant's real property situated on Sylvan Lake in Dutchess County. Order and judgment (one paper) reversed, without costs, and motion denied. The papers and proof submitted in support of the motion were not sufficient, as a matter of law, to warrant the Special Term in directing judgment in favor of plaintiffs. Judgment should not have been granted, except after a full exploration and disclosure of the facts, sufficient to permit a determination that a valid easement was granted to plaintiffs' predecessors in title under what are described in the record as the "partition deeds," and sufficient to show whether it was intended to create an easement and right of way over defendant's property appurtenant to plaintiffs' land, for all the purposes

and to the full extent recited in the order and judgment appealed from. Whether an easement which would pass under a reconveyance of the land and appurtenances was validly created in the first instance, depends on facts not disclosed by the record before us. In any event, it is our opinion that a question of fact exists as to whether it was intended to create an easement appurtenant to plaintiffs' property to use, in common with others, all of Parcel I for camping, recreation and access to Sylvan Lake. Such question should be decided in accordance with: (1) the circumstances existing when the "partition" deeds were given, (2) the situation of the parties at that time, and (3) the subject matter of the instruments (cf. *Wilson* v. *Ford*, 209 N. Y. 186, 196). Although the record does not disclose all the facts, apparently the "partition deeds" purported to create, as appurtenant to the property conveyed to various members of the Delaney family, easements and rights of way in and over land of which they were the owners in fee at the time of the partition, and which they continued to own as tenants in common, after the delivery of the partition deeds. Some of the rights to use the land retained in common ownership were described as appurtenant to the land conveyed, and some were not. Since the conveyances purported to create in the several owners of the land conveyed, rights as against the interests of their tenants in common in the remainder, it is necessary to know, before determining the extent of the rights conveyed, all of the facts with respect to the execution and delivery of the "partition deeds". (Cf. *Parsons* v. *Johnson*, 68 N. Y. 62; *City Club of Auburn* v. *McGeer*, 198 N. Y. 160.) It also appears, although it is not clear from the record whether it is claimed that the easements originally granted in the partition deeds were extinguished by abandonment, that such easements were not claimed to be in existence by plaintiffs when they originally acquired title to their real property. If there is such a claim by defendant, it may be asserted even though not pleaded (*Curry* v. *Mackenzie*, 239 N. Y. 267), and it should not be determined except after a full disclosure and consideration of the pertinent facts (cf. *Gerbig* v. *Zumpano*, 7 N Y 2d 327). Nolan, P. J., Beldock, Ughetta, Christ and Brennan, JJ., concur.