**CARSWELL TRUCKS, INC., Plaintiff,**

v.

**INTERNATIONAL HARVESTER COMPANY, Defendant.**

**70 Civ. 4392.**

United States District Court,
S. D. New York.

Dec. 3, 1971.

Hammond & Schreiber, New York City, for plaintiff; Alexander Hammond, Dale A. Schreiber, New York City of counsel.

Townley, Updike, Carter & Rodgers, New York City, for defendant; Ronald S. Daniels, New York City, of counsel.

Daryl B. Oldaker, Kirkland, Ellis, Hodson, Chaffetz & Masters, Chicago, Ill.; Hammond E. Chaffetz, Fred H. Bartlit, Jr., Donald G. Kempf, Jr., Michael T. Hannafan, Chicago, Ill., of counsel.

## OPINION

FREDERICK van PELT BRYAN, District Judge:

This is a private antitrust action alleging violation of Section 1 of the

Sherman Act, 15 U.S.C. § 1, and seeking treble damages and injunctive relief. Jurisdiction is based on Section 4 of the Clayton Act, 15 U.S.C. § 15 and 28 U.S.C. § 1337.

Plaintiff, Carswell Trucks, Inc. (Carswell), a New York corporation, is engaged in the business of selling trucks and parts at retail and is a dealer for defendant, International Harvester Company (Harvester). Harvester, a Delaware corporation, is a major manufacturer and seller of trucks, farm and construction equipment, and parts.

From 1954 until shortly after this action was commenced, Harvester made available to its truck dealers a plan of "Incentive Compensation for Service Parts." Such "incentive compensation" was available under the so-called "CT Plan", pursuant to which dealers were entitled to obtain rebates from Harvester if they re-sold certain parts, purchased from Harvester, to their customers at or below a price called the CT price, specified by Harvester.[1] The CT price for each part, and the amount of the rebate available for reselling that part at or below the CT price, were detailed in lists provided by Harvester to its dealers.

The CT Plan and the concomitant rebates were wholly at the option of the dealer. It is not charged that Harvester ceased dealing with, or threatened to cease dealing with, any dealer who re-sold parts above the CT price.[2] Indeed, Carswell itself did not uniformly resell parts at or below the CT price, though it generally did so, and there was no objection from Harvester.

Carswell, which availed itself·of the CT Plan rebates since at least 1966, now claims that the CT Plan is a per se violation of Section 1 of the Sherman Act, 15 U.S.C. § 1. Carswell moves for partial summary judgment on the issue of

liability pursuant to Rule 56(c), Fed.R. Civ.P., leaving the amount of damage to be determined at trial. Harvester cross moves for summary judgment dismissing the complaint. For the reasons stated below, both motions must be denied.

Section 4 of the Clayton Act, 15 U.S.C. § 15, which authorizes private antitrust actions, provides in pertinent part,

> Any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws may sue therefor. . . .

■■ Section 4 requires that in order to have a claim for relief, a plaintiff must establish not only antitrust law violation by defendant but that he has been injured thereby. Proof of antitrust law violation alone is not enough. Proof of damage or injury to the plaintiff resulting therefrom is of the essence of the claim. See McCleneghan v. Union Stock Yards of Omaha, 349 F.2d 53 (8th Cir. 1965); Winckler & Smith Citrus Products Co. v. Sunkist Growers, Inc., 346 F.2d 1012 (9th Cir.), cert. denied, 382 U.S. 958, 86 S.Ct. 433, 15 L.Ed.2d 362 (1965); Haverhill Gazette Co. v. Union Leader Corp., 333 F.2d 798 (1st Cir.), cert. denied, 379 U.S. 931, 85 S.Ct. 329, 13 L.Ed.2d 343 (1964); Herman Schwabe, Inc. v. United Shoe Mach. Corp., 297 F.2d 906, 909 n.4 (2d Cir.), cert. denied, 369 U.S. 865, 82 S.Ct. 1031, 8 L.Ed.2d 85 (1962).

■■ Thus, Carswell is not entitled to summary judgment on the issue of liability unless it has established that there is no genuine issue as to the fact that Carswell was damaged as a result of the alleged antitrust violation. While it is not necessary that the precise amount of damage be readily ascertainable, it must be established that Carswell was in fact damaged. Cf. Blau v. Lamb, 163 F.Supp. 528, 532 (S.D.N.Y.1958); Fistel v. Christman, 16 Fed.Rules Serv.

1. The initials CT are an abbreviation of "Classified Trade", a term applied to classes of retail customers receiving large discounts on parts from specialty houses. According to Harvester, the plan was designed to aid dealers who were being undercut by such houses.

2. Compare, *e. g.*, United States v. Parke, Davis & Co., 362 U.S. 29, 80 S.Ct. 503, 4 L.Ed.2d 505 (1960).

715 (S.D.N.Y.1951) (Weinfeld, J.); 6 J. Moore, Federal Practice ¶ 56.17 [18], at 2529; ¶ 56.18, at 2732.

Here there is sharp dispute between the parties as to whether Carswell was in fact injured or damaged at all by the CT Plan. Both sides have submitted facts and figures purporting to establish conclusively their contrasting positions. Neither of them has succeeded in so doing. Even assuming, *arguendo,* that the CT Plan was a per se violation of the Sherman Act,[3] whether or not Carswell was damaged by the Plan remains unresolved. It would appear that the damage issue cannot be satisfactorily determined without further exploration of such matters, among others, as a comparison of prices, volume and profits under the CT Plan with what would have occurred absent the Plan, all in the light of competitive factors. Since Carswell has not established that it has been damaged by the Plan, its motion for partial summary judgment on the issue of liability is denied.

Harvester's cross motion for summary judgment dismissing the complaint is based on the premise that it has conclusively established that Carswell was *not* damaged by the CT Plan. This premise is, in large measure, based on what Harvester characterizes as an "admission" in one of the several memoranda of law submitted on Carswell's behalf. The "admission" relied on concerns the legality of a hypothetical rebate plan which Carswell's counsel claimed Harvester could have used in lieu of the CT Plan.

 Even were this considered to be a binding admission on Carswell's part, it is far from conclusive on the damage issue, which remains open. In any event, the statement relied on by Harvester is at best an admission of law which is not binding on Carswell and does not constitute proof against it on the factual issues presented here. *See* Pitcairn v. American Refrigerator Transit Co., 101 F.2d 929, 935 (8th Cir.), cert. denied, 308 U.S. 566, 60 S.Ct. 78,

84 L.Ed. 475 (1939); The Lafcomo, 64 F.Supp. 529, 531 (S.D.N.Y.1946); Auburn City Club v. McGeer, 198 N.Y. 160, 164–165, 91 N.E. 539 (1910). Harvester's motion for summary judgment dismissing the complaint is also denied.

It is so ordered.

---

3. This is by no means free from doubt and I do not pass on the question here.