In re the MARRIAGE OF: William CLINE, Appellant, (Petitioner Below),

and

Laurie D. Cline, Appellee, (Respondent Below).

No. 1–881A239.

Court of Appeals of Indiana, First District.

March 29, 1982.

Howard B. Lytton, Jr., Steven E. Ripstra, Lytton & Ripstra, Jasper, for appellant.

William L. Shaneyfelt, Schneider, Lett, Shaneyfelt & Curry, Jasper, for appellee.

ROBERTSON, Judge.

William Cline (William) appeals the decision of the trial court which declined to exercise its jurisdiction in a child custody determination pursuant to the Uniform Child Custody Jurisdiction Law. Ind.Code 31–1–11.6–1 et seq.

We affirm.

William and Laurie D. Cline (Laurie) were married November 11, 1977. One child, William Robert Cline, was born of this marriage. The couple resided continuously in Dubois County until July 14, 1981 when Laurie and the child returned to her parents' home in California.

William filed a petition for dissolution of marriage in Indiana on July 22, 1981 and also requested a temporary restraining order. The trial court issued an order which awarded William custody of the child and enjoined Laurie from interfering with William's care and custody of the child. Armed with this order, William proceeded to California on July 23, 1981.

William presented the order to the appropriate authorities who refused to enforce it

because it was an ex parte order. William and his brother proceeded to find Laurie and then attempted to leave with the child. An incident arose out of this confrontation resulting in the police being required to restore order. William returned to Indiana the next day.

Laurie did not receive a copy of the restraining order until July 26, 1981. Laurie signed a petition for separation on July 25, 1981. The record reflects this petition was filed on July 28, 1981. In her petition, Laurie has alleged that she was a battered spouse. William has alleged that Laurie abused their child.

Laurie filed a motion to dismiss the petition for dissolution of marriage. The trial court held a hearing on this motion and the record reflects that the trial court contacted the California court, which informed the trial court of its willingness to entertain this matter. The record also reflects that California was seeking extradition of William because of the incident surrounding his attempt to take the child from Laurie. In its final order, the trial court declined to exercise its jurisdiction on the custody determination and limited itself to the dissolution of marriage and the division of property.

William alleges that the trial court erred in declining to exercise its jurisdiction. William argues that the trial court has jurisdiction pursuant to Ind.Code 31–1–11.6–3. This provision is part of the Uniform Child Custody Jurisdiction Act (UCCJA), which Indiana has adopted. The UCCJA establishes two main places of jurisdiction: the "home state" of the child and the state with a "significant connection" to the child. *Brokus v. Brokus*, (1981) Ind.App., 420 N.E.2d 1242. The "home state" is defined as the state in which the child has most recently resided for at least six consecutive months. Ind.Code 31–1–11.6–2(5). The language describing a state with a "significant connection" is phrased in more general terms, thus creating a more flexible statute which enables it to be utilized in more diverse factual situations. The commissioners of UCCJA, however, warn that the UCCJA is designed to limit jurisdiction, not to expand it. *Brokus v. Brokus, supra.*

■ When confronting an interstate custody dispute, the trial court must engage in a multistep analysis to determine first, whether it has subject matter jurisdiction and second, to determine whether it should exercise its jurisdiction. *Clark v. Clark*, (1980) Ind.App., 404 N.E.2d 23. In *Clark*, this court adopted the analysis contained in *Carson v. Carson*, (1977) 29 Or.App. 861, 565 P.2d 763. The trial court must first determine if it has jurisdiction under IC 31–1–11.6–3. If it has jurisdiction under this statute, the trial court must determine whether there is a custody proceeding pending in another state which presently has jurisdiction. If such a proceeding is pending, the Indiana court must decline to exercise its jurisdiction. Ind.Code 31–1–11.6–6. Finally, assuming the trial court has jurisdiction and there is no proceeding pending in another state, the court must determine whether to exercise its jurisdiction pursuant to Ind.Code 31–1–11.6–7 because Indiana is the convenient forum. *Clark v. Clark, supra* at 30.

The UCCJA has provisions designed to address questions similar to the present case. Ind.Code 31–1–11.6–6(c) provides:

> If the court is informed during the course of the proceedings that a proceeding concerning the custody of the child was pending in another state before the court assumed jurisdiction, it shall stay the proceeding and communicate with the court in which the other proceeding is pending to the end that the issue may be litigated in the more appropriate forum and that information be exchanged in accordance with sections 19 through 22 [31–1–11.6–19 —31–1–11.6–22] of this chapter. If a court of this state has made a custody decree before being informed of a pending proceeding in a court of another state it shall immediately inform that court of the fact. If the court is informed that a proceeding was commenced in another state after it assumed jurisdiction it shall likewise inform the other court to the end that the issues may be litigated in the more appropriate forum.

Portions of Ind.Code 31–1–11.6–7 are also relevant:

(a) A court which has jurisdiction under this chapter to make an initial or modification decree may decline to exercise its jurisdiction any time before making a decree if it finds that it is an inconvenient forum to make a custody determination under the circumstances of the case and that a court of another state is a more appropriate forum.

(b) A finding of inconvenient forum may be made upon the court's own motion or upon motion of a party or a guardian ad litem or other representative of the child.

(c) In determining if it is an inconvenient forum, the court shall consider if it is in the interest of the child that another state assume jurisdiction. For this purpose it may take into account the following factors, among others:

1. If another state is or recently was the child's home state;

2. If another state has a closer connection with the child and his family or with the child and one or more of the contestants;

3. If substantial evidence concerning the child's present or future care, protection, training, and personal relationships is more readily available in another state;

4. If the parties have agreed on another forum which is no less appropriate; and

5. If the exercise of jurisdiction by a court of this state would contravene any of the purposes stated in section 1 [31–1–11.6–1] of this chapter.

(d) Before determining whether to decline or retain jurisdiction the court may communicate with a court of another state and exchange information pertinent to the assumption of jurisdiction by either court with a view to assuring that jurisdiction will be exercised by the more appropriate court and that a forum will be available to the parties.

(e) If the court finds that it is an inconvenient forum and that a court of another state is a more appropriate forum, it may dismiss the proceedings, or it may stay the proceedings upon condition that a custody proceeding be promptly commenced in another named state or upon any other conditions which may be just and proper, including the condition that a moving party stipulate his consent and submission to the jurisdiction of the other forum.

Laurie does not argue that the trial court could have retained jurisdiction on this action pursuant to either the "home state" or "significant connection" theories. She asserts, however, that the trial court did not abuse its discretion in declining jurisdiction.

William alleges that the trial court failed to consider that Laurie unilaterally removed the child from Indiana and ignored the provisions of Ind.Code 31–1–11.6–8. The language of that section is limited to a petitioner who has wrongfully taken the child from another state. In this action, Laurie was not the petitioner and the statute is limited to wrongful removal, not unilateral removal.

After examining the relevant portions of the UCCJA and the method of analysis contained in *Clark v. Clark, supra,* we remain unpersuaded that the trial court abused its discretion. The trial court became aware of the California proceedings after William had filed his petition but prior to any determination of its jurisdiction. The trial court then communicated with the California court which expressed its willingness to hear the matter and also informed the trial court that California was seeking extradition of William. The trial court's action was authorized by IC 31–1–11.6–6.

After communicating with the California court, the trial court declined to exercise jurisdiction. The provisions of UCCJA allow a trial court to communicate with a court of another state and exchange information prior to determining whether to retain or decline jurisdiction. IC 31–1–11.6–7(d). The UCCJA also provides that if the trial court determines that it is an inconvenient forum, the trial court may dismiss or stay the proceedings. IC 31–1–11.6–7(e).

There were ample reasons for the trial court to determine that California was the more appropriate forum. Laurie alleges that she is a battered spouse who has returned to the protection of her parents. California is also the situs of William's alleged criminal behavior. William has retained counsel in California. William has accused Laurie of being suicidal, a drug addict and of having suffered from a mental breakdown. The hospital records of some of these problems would also be in California because these events allegedly occurred prior to their marriage. This evidence was a sufficient basis for the trial court to conclude that California was a more appropriate forum. We note however, that if the California court determines that it is not an appropriate forum, we believe Indiana would have jurisdiction.

The judgment is affirmed.

RATLIFF, P. J., and NEAL, J., concur.