**Loretta S. FOX, Appellant (Respondent Below),**

v.

**John D. FOX, Appellee (Petitioner Below).**

**No. 4–1283 A 400.**

Court of Appeals of Indiana, Third District.

Aug. 9, 1984.

Rehearing Denied Oct. 4, 1984.

Ihor N. Boyko, Indianapolis Legal Aid Society, Inc., Indianapolis, for appellant.

Winston T. Hay, Wunder & Hay, Indianapolis, for appellee.

HOFFMAN, Judge.

The marriage of John D. and Loretta S. Fox was dissolved on August 23, 1983. Both parties sought custody of their minor child, Melinda. However, in the trial court's order of August 23, it made Melinda a ward of the Marion County Department of Public Welfare. The parties contend that the trial court's action was contrary to law.

This Court's standard of review in custody matters is well settled. The manifest abuse of discretion standard is applicable to cases involving the award of and modification of child custody. It is within the discretion of the trial court to award the custody of children consistent with their best interests. An abuse of discretion that would permit an appellate court to reverse a trial court's determination must be an erroneous conclusion reached by a trial court which is clearly against the logic, facts, and circumstances before the court or reasonable inferences to be drawn therefrom. Deference must be given by the reviewing court to the trial court due to the fact it is in the position to judge the demeanor and credibility of witnesses. *Williams v. Trowbridge*, (1981) Ind.App., 422 N.E.2d 331.

■ Indiana recognizes the common-law rule that the natural parents of a minor child are entitled to custody of the child, unless they are unsuitable to be entrusted with the care of the child. *Williams, supra.* The question of whether the evidence was sufficient to rebut the presumption that it is in the best interests of the children to be placed in the custody of a natural parent is a question of fact for the trial court to determine and not one for the reviewing court. *Kissinger v. Shoemaker,* (1981) Ind.App., 425 N.E.2d 208.

The evidence in the case at bar was sufficient to support the trial court's determination. Both parties have alleged that the other abused Melinda. Loretta has accused John of sexually abusing the child and John has accused Loretta and her boyfriend of physically abusing the child. Loretta had lived in eight different places within two years, the longest being with her boyfriend at the time of the hearing. She had not been employed. John had a history of recurring unemployment and at the time of the hearing was living in a two-bedroom apartment with his girlfriend and her mother. The report from the Domestic Relations Counseling Bureau found that both parties had personality difficulties which impaired their ability to parent properly and to provide for the emotional needs of the child.

■ We cannot say that the conclusion reached by the trial court in this case was clearly against the logic, facts, and circumstances before it. There was sufficient evidence to overcome the presumption in favor of the natural parents and to establish unfitness. Due to such a showing it was in the best interest of the child to be placed with a third party.

■ The parties also contend that the trial court's action was outside its jurisdiction. In a child custody case, hard and fast rules of law do not apply. The welfare and happiness of the child is the paramount consideration and the question of whether a parent is entitled to custody rather than a third party rests with the sound discretion of the trial court. *Cf.: Glass v. Bailey et al.,* (1954) 233 Ind. 266, 118 N.E.2d 800; *Luellen v. Younger,* (1924) 194 Ind. 411, 143 N.E. 163.

■ IND.CODE § 31-1-11.5-21 does not preclude the trial court from awarding custody to a third party. Making the child a ward of the court does not terminate the parental rights of the parties. Custody awards are always open to modification when there is a showing of substantial and continuing changed circumstances. The trial court must award custody in accordance with the best interests of the child, regardless of who that custodian might be. In doing so, a trial court complies with the statutory edicts governing child custody.

Since we previously stated that in this instance there was sufficient evidence to overcome the presumption in favor of the natural parents and it was within the trial court's jurisdiction to award custody to a third party, then the parties' next arguments that the trial court erred in failing to award custody to them, respectively must fail.

Finally, Loretta complains that the trial court erred in failing to award visitation. However, the trial court granted Loretta's Motion to Correct Errors on this issue by ordering such reasonable visitation under the supervision of the county welfare department as the department deemed appropriate. Now she complains that the visitation is not reasonable. Her argument must fail for two reasons.

■ Visitation is an element of the custody order, and as such, is always open to modification. However, any modification must occur at the trial court level and not in this Court. The record here discloses that the issue of whether Loretta's visitation is reasonable has never been before the trial court. She has preserved no error for appeal and furthermore, she is asking this Court for relief which it cannot grant.

For the reasons stated herein, the judgment of the trial court is affirmed.

Affirmed.

STATON, P.J., and GARRARD, J., concur.