In the Matter of the **GUARDIANSHIP OF Jean MAYES, Stormy May Fixsal, and Judith Lynn Fixsal.**

No. 34A02–8610–JV–350.

Court of Appeals of Indiana, Second District.

May 19, 1988.

Timothy P. Broden, Legal Services Program of Northern Indiana, Inc., Lafayette, for appellant.

Rodney V. Shrock, Russell, Shrock & Raquet, Kokomo, for appellee.

SULLIVAN, Judge.

Floyd Fixsal appeals the orders of the Howard Circuit Court granting permanent guardianship of his daughters Christina Mayes (Christina) and Stormy Fixsal (Stormy) to Edwin and Brenda Buell and his daughter Judith Fixsal (Judith) to Terry and Janalee Ulm.[1]

Christina, Stormy, and Judith were born to Floyd and Bonnie Fixsal. After their parents separated on September 22, 1985, the children continued to live with their father in Taylorsville, Illinois, until on or about October 26, 1985. On this date, Floyd Fixsal gave his consent to Brenda Buell, his wife's sister, to take Christina and Stormy to her home in Indiana for a two-week visit. On November 15, 1985, Brenda Buell returned to Illinois to take Judith from Floyd Fixsal. Four days later, she gave Judith to Terry and Janalee Ulm who also resided in Indiana. The Buells and the Ulms filed petitions in Howard Circuit Court on December 4, 1985, to be appointed as permanent guardians, and for custody pending determination. The court approved the petitions, granting permanent guardianship. On appeal, Floyd Fixsal contends that the Howard Circuit Court lacked jurisdiction to grant permanent guardianship. We agree.

The jurisdictional provisions which govern a guardianship proceeding are found in I.C. 31–1–11.6–3 (Burns Code Ed. Repl.1987). Pursuant to this statute, a court of this state may have jurisdiction to make a child custody determination if:

"[t]his state (A) is the home state of the child at the time of commencement of the proceeding, or (B) had been the child's home state within six [6] months before commencement of the proceeding and the child is absent from this state because of his removal or retention by a person claiming his custody or for other reasons, and a parent or person acting as parent continues to live in this state." I.C. 31–1–11.6–3(a)(1).

Indiana Code 31–1–11.6–2(5) (Burns Code Ed.Repl.1987) defines a home state as

"the state in which the child, immediately preceding the time involved, lived with his parents, a parent, or a person acting

1. The two separate causes were consolidated for purposes of appeal.

as a parent, for at least six [6] consecutive months...."

The uncontroverted testimony from both sides demonstrates that Illinois was the home state of the children in this case. Until about six weeks prior to the litigation, the children lived their entire lives in Illinois with their parents. During these proceedings, the children were absent from Illinois because of their removal by Brenda Buell who sought guardianship. Both parents, though separated, continued to live in Illinois throughout these proceedings. Because Indiana courts have expressed a preference for custody actions to take place in the home state, Illinois is the preferred forum for these proceedings. *In re Lemond* (1980) 274 Ind. 505, 413 N.E.2d 228.

■ The Howard Circuit Court based its jurisdictional conclusion upon I.C. 31–1–11.-6–3(a)(2) which provides for jurisdiction if:

"[i]t is in the best interest of the child that a court of this state assume jurisdiction because (A) the child and his parents, or the child and at least one contestant, have a significant connection with this state, and (B) there is available in this state substantial evidence concerning the child's present or future care, protection, training, and personal relationships."

According to *In re Marriage of Hudson* (1982) 4th Dist. Ind.App., 434 N.E.2d 107, 115, *cert. denied* 459 U.S. 1202, 103 S.Ct. 1187, 75 L.Ed.2d 433, "a state which would satisfy the home state test except for the children's absence retains jurisdiction for an additional six months *if a parent continues to reside in that state.*" (Emphasis in original.) Only upon concluding that no state qualified as the children's home state did the *Hudson* court turn to the significant connection provision, stating that "[t]his alternative basis for jurisdiction was specifically drafted to come into play *when the child has been recently removed from his or her home state and the remaining spouse has also moved away.*" *Id.* (Emphasis in original.) In the case at hand, Illinois satisfied the home state test and thereby retained jurisdiction for six months despite the children's absence because both

parents continued to live there. Thus, the Howard Circuit Court erred in seeking to find jurisdiction under the alternative significant connection basis.

■ Even were we to consider the significant connection test, Illinois would appear to be the proper forum. Pursuant to I.C. 31–1–11.6–1(a)(3) (Burns Code Ed.Repl. 1987), a purpose of the Uniform Child Custody Jurisdiction Law is to

"[a]ssure that litigation concerning the custody of a child take place ordinarily in the state with which the child and his family have the closest connection and where significant evidence concerning his care, protection, training, and personal relationships is most readily available, and that the courts of this state decline the exercise of jurisdiction when the child and his family have a closer connection with another state."

In this case, the children and their parents have the closest connections with Illinois, not Indiana. Christina, Stormy, and Judith were all born in Illinois and continued to live in Illinois until about six weeks prior to these proceedings. Both parents have resided in Illinois for most of their lives and throughout this litigation. The Buells and the Ulms contend that Indiana has jurisdiction under this test because they, as contestants also, have connections with Indiana. There is also significant evidence available in Indiana concerning the children's present and future care, protection, training, and personal relationships.

■ The significant connections test is not simply a quantitative analysis, but rather seeks to determine which forum is most appropriate to consider the best interests of the children. *Moody v. Moody* (1986) 1st Dist. Ind.App., 488 N.E.2d 378. To ascertain a child's best interests, the court must consider "evidence from the parents themselves, from other persons who might be entrusted with the care of the child and from individuals who can testify about the competence of those persons as custodians." *Id.* at 381. Because both parents and many relatives and friends reside in Illinois, Illinois is the state with maximum access to evidence from such individuals

concerning the children's care, protection, training and personal relationships. This determination is consistent with the intent of this test to limit, not proliferate, jurisdiction. *In re Marriage of Cline* (1982) 1st Dist.Ind.App., 433 N.E.2d 51; *Brokus v. Brokus* (1981) 3d Dist.Ind.App., 420 N.E.2d 1242.

 The Buells and the Ulms argue that Indiana courts may exercise jurisdiction under I.C. 31–1–11.6–3(a)(3) if:

"the child is physically present in this state and (A) the child has been abandoned or (B) it is necessary in an emergency to protect the child because he has been subjected to or threatened with mistreatment or abuse or is otherwise neglected or dependent...."

We find no basis for Indiana jurisdiction under this statutory provision although all three children were in this state during these proceedings. There was no evidence that any of them had ever been abandoned. Neither was there an emergency. Though the children may have previously been neglected by their father, at the time of these proceedings the Buells and the Ulms were properly caring for them.[2]

Finally, Indiana fails to meet the jurisdictional requirements of I.C. 31–1–11.6–3(a)(4):

"(A) It appears that no other state would have jurisdiction under prerequisites substantially in accordance with paragraphs (1), (2) or (3), or another state has declined to exercise jurisdiction on the ground that this state is the more appropriate forum to determine the custody of the child, and (B) it is in the best interest of the child that this court assume jurisdiction."

Illinois does appear to have jurisdiction under the prerequisites in paragraphs (1), (2) and (3) of I.C. 31–1–11.6–3(a). Furthermore, Illinois has not declined to exercise jurisdiction on the ground that Indiana is a more appropriate forum.

For the foregoing reasons, we vacate the trial court's order granting permanent guardianship.

BUCHANAN and CONOVER, JJ., concur.

---

**2.** We know of no absolute requirement that the father have custody of the children pending a determination by the Illinois court. It may be that a court could properly find it in the best interests of the children for temporary custody to be with the Indiana residents. *See In re Guardianship of Thompson* (1987) Ind., 514 N.E. 2d 618.