Boonchu SIXBERRY, Respondent–Appellant,

v.

Troy SIXBERRY, Petitioner–Appellee.

No. 02A03–8808–CV–250.

Court of Appeals of Indiana, Third District.

June 27, 1989.

Donald D. Doxsee, Fort Wayne, for respondent-appellant.

Stephen D. Trotter, Fort Wayne, for petitioner-appellee.

GARRARD, Presiding Judge.

Boonchu Sixberry brings an interlocutory appeal asserting lack of jurisdiction over the parties' minor child under the Indiana Child Custody Jurisdiction Act, IC 31–1–11.6–3.

Boonchu and Troy Sixberry were married on November 6, 1982. Their only child, Shandell Marie, was born in Houston, Texas on June 6, 1983. After living in Texas for five years, Troy Sixberry moved to Indiana on January 1, 1987. Boonchu and Shandell Marie moved to Indiana on January 17, 1987.

On June 17, 1987, Boonchu returned to Texas with Shandell Marie. This was without the permission and against the wishes of Troy. On July 6, 1987 Troy filed a petition for dissolution of his marriage and for custody of Shandell Marie in Allen County, Indiana Circuit Court.

Boonchu filed a motion to dismiss the custody issue based on the lack of jurisdiction of the Allen County Circuit Court over Shandell Marie. A hearing on this motion was held on July 26, 1988. The trial court subsequently denied Boonchu's motion on August 5, 1988.

Boonchu filed a motion to reconsider and to certify the question for interlocutory appeal on August 9, 1988. The court denied the motion to reconsider but on August 10, 1988 certified the question for an interlocutory appeal.

The issue certified is whether the court erred in its denial of Boonchu Sixberry's motion to dismiss for lack of jurisdiction over the minor child of the marriage, Shandell Marie.

Boonchu claims that the trial court did not have jurisdiction pursuant to IC 31–1–11.6–3. This provision is part of the Uniform Child Custody Jurisdiction Act (UCCJA). The UCCJA is designed to allow child custody decisions to be made by the court with the greatest access to relevant information. *Brokus v. Brokus* (1981), Ind.App., 420 N.E.2d 1242.

The UCCJA presents an elaborate jurisdictional scheme to protect the child's welfare. The UCCJA establishes two main places of jurisdiction: the "home state" of the child and the state with a "significant connection" to the child. *Brokus, supra.*

■ Boonchu first argues that Indiana is not the home state under the definition of IC 31–1–11.6–2(5). "Home state" is defined as the state in which the child has most recently resided for at least six consecutive months. The trial court found that Boonchu brought Shandell Marie to Indiana on January 17, 1987. The court also found that Boonchu and Shandell Marie left Indiana and moved to Texas on June 17, 1987, and that Troy filed his petition for dissolution of marriage and temporary custody on July 6, 1987.

Boonchu contends that Shandell Marie has not lived in Indiana for six months; therefore, Indiana is not her home state as defined by IC 31–1–11.6–2(5). Troy claims that Shandell Marie did reside in Indiana for six months if we count any part of a calendar month as constituting a month within the meaning of the definition. We are not persuaded by this argument. In *Brokus v. Brokus, supra,* 420 N.E.2d 1247, the trial court found that the Brokuses began their residency in Indiana on June 10, 1978. The petition for dissolution was filed on November 14, 1978. If the months were counted in *Brokus,* as Troy suggests they should, the Brokus children would have resided in Indiana for six months at the time the petition for dissolution was filed. However, the court held instead, "[I]t is clear that the 'home state' test was not met since six months have not elapsed." *Brokus* at 1248. "Six consecutive months" as used in the statute means a period of six full months, e.g., from January 17, 1987 through July 16, 1987.

■ Boonchu further argues that Indiana does not meet the significant connection test and therefore cannot assume jurisdiction pursuant to IC 31–1–11.6–3(2). We agree. Under this test, the child must have a significant connection with this state and there must be available here sub-

stantial evidence regarding the child's "present or future care, protection, training and personal relationships."[1] *In re Marriage of Hudson* (1982), Ind.App., 434 N.E.2d 107. A court should decline jurisdiction when the child and his family have a closer connection with another state. *Matter of the Guardianship of Mayes* (1988), Ind.App., 523 N.E.2d 249.

In the present case we believe Shandell Marie has closer and more significant connections with Texas than Indiana. Texas is the state that can provide the trial court with the necessary information with which to make its custody decision. Shandell Marie was born in Texas and lived there for her first five years. She moved to Indiana for only five months and has resided in Texas since June of 1987. She attends school in Texas where she is enrolled in a special program and attends a speech pathologist. Clearly, the evidence regarding Shandell Marie's care, protection, training and personal relationships is much more readily available in Texas.

■ We are aware that some discretion exists in determining jurisdiction on the basis of significant connection; however, we must also look to the express language and the purposes of the act. Since Indiana is not Shandell Marie's "home state" and Texas has the greatest access to relevant information concerning this custody decision, the purposes of the UCCJA would be best served if a Texas court accepts jurisdiction over the present dispute.[2] Furthermore, that is the result mandated by the federal Parental Kidnapping Prevention Act, 28 U.S.C. § 1738A.

Reversed and remanded with instructions to grant Boonchu Sixberry's motion to dismiss the custody issues for lack of jurisdiction.

STATON and ROBERTSON, JJ., concur.

---

1. One of the purposes of the UCCJA is to: (3) assure that litigation concerning the custody of a child take place ordinarily in the state with which the child and his family have the closest connection and where significant evidence concerning his care, protection, training, and personal relationships is most readily available, and that the courts of this state decline the exercise of jurisdiction when the child and his family have a closer connection with another state;

IC 31–1–11.6–1.

2. A Texas court has agreed to accept jurisdiction. Judge Paul Banner of the 196th Judicial District Court in Hunt County, Texas has accepted jurisdiction subject to compliance with the requirements of the UCCJA.